UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE LISA W. WANG, JUDGE

| | |
|---|---|
| INSPIRED VENTURES LLC, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | :    Court No. 24-00062 |
| UNITED STATES, | : |
| | : |
| Defendant. | : |

## **ORDER**

Upon reading defendant's motion to dismiss for lack of subject matter jurisdiction, plaintiff's response thereto; and upon consideration of other papers and proceedings had herein, it is hereby

**ORDERED** that defendant's motion be, and hereby is granted, and it is further

**ORDERED** that this action is dismissed.

_____
Judge

Dated: _____
New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE LISA W. WANG, JUDGE

_____
                                          :
INSPIRED VENTURES LLC,                    :
                                          :
                    Plaintiff,            :
                                          :
            v.                            :
                                          :    Court No. 24-00062
UNITED STATES,                            :
                                          :
                    Defendant.            :
_____          :

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of International Trade, defendant, the United States, respectfully requests that the Court dismiss this action for lack of subject matter jurisdiction upon the grounds set forth in the accompanying memorandum of law.

WHEREFORE, the United States respectfully asks this Court to enter an order granting its motion to dismiss and dismissing this action.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:    /s/ Justin R. Miller
       JUSTIN R. MILLER
       Attorney-In-Charge
       International Trade Field Office

Of Counsel:                    /s/ Alexander Vanderweide
ZACHARY SIMMONS               ALEXANDER VANDERWEIDE
Office of the Assistant Chief Counsel    Senior Trial Counsel
International Trade Litigation           NICO GURIAN

U.S. Customs and Border Protection

Trial Attorney
International Trade Field Office
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-0482
Attorneys for Defendant

May 13, 2024

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE LISA W. WANG, JUDGE

_____
                                    :
INSPIRED VENTURES LLC,              :
                                    :
             Plaintiff,             :
                                    :
        v.                          :
                                    :   Court No. 24-00062
UNITED STATES,                      :
                                    :
             Defendant.             :
_____:

## <u>MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS</u>

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

Of Counsel:                              ALEXANDER VANDERWEIDE
ZACHARY SIMMONS                          Senior Trial Counsel
Office of the Assistant Chief Counsel    NICO GURIAN
International Trade Litigation            Trial Attorney
U.S. Customs and Border Protection       International Trade Field Office
                                         Department of Justice, Civil Division
                                         Commercial Litigation Branch
                                         26 Federal Plaza, Room 346
                                         New York, New York 10278
                                         (212) 264-0482
                                         Attorneys for Defendant

May 13, 2024

# TABLE OF CONTENTS

BACKGROUND ........................................................................................................... 2

  I.   Legal Background .............................................................................................. 2

  II.  Factual And Procedural Background ................................................................. 4

ARGUMENT .............................................................................................................. 6

  I.   Standard of Review .......................................................................................... 6

  II.  Because IVL's Tires Have Not Been Excluded By Operation Of Law Under 19 U.S.C. § 1499(c), There Is No Protestable Decision By CBP To Review, And This Court Lacks Subject Matter Jurisdiction Under 28 U.S.C. § 1581(a) .................................... 8

     A.  Congress Declined To Apply The Provisions Of 19 U.S.C. § 1499(c) Where Agencies Other Than CBP Are Responsible For Determining The Legality Of Entered Merchandise ................................................................................................ 9

     B.  NHTSA Is Responsible For Determining The Admissibility Of IVL's Tires ........... 14

  III.  As An Additional Matter, The Court Cannot Review Plaintiff's Claims Involving Entry No. AVV-0053438-1 Because The Merchandise Has Been Seized And The Court Does Not Have Subject Matter Jurisdiction To Review Seizures .............................................. 16

CONCLUSION ......................................................................................................... 17

# TABLE OF AUTHORITIES

**Cases**

*Amidax Trading Grp. v. S.W.I.F.T. SCRL,*
  671 F.3d 140 (2d. Cir. 2011)......................................................................... 7

*Andritz Sundwig GMBH v. United States*,
  322 F. Supp. 3d 1360 (Ct. Int'l Trade 2018) ...................................... 11, 12

*Blink Design, Inc. v. United States,*
  986 F. Supp. 2d 1348 (Ct. Int'l Trade 2014) ......................................... 17

*CBB Group v. United States*,
  783 F. Supp. 2d 1248 (Ct. Int'l Trade 2011) ..................................... 10, 17

*CDCOM (U.S.A.) Int'l, Inc. v. United States*,
  963 F. Supp. 1214 (Ct. Int'l Trade 1997) ................................................ 17

*CR Indus. v. United States*,
10 CIT 561 (1986) ........................................................................................................ 6

*Ctr. for Biological Diversity v. U.S. Int'l Dev. Fin. Corp.*,
585 F. Supp. 3d 63 (D.D.C. 2022),
*aff'd,* 77 F.4th 679 (D.C. Cir. 2023) ........................................................................ 7

*Dart Exp. Corp. v. United States*,
43 C.C.P.A. 64 (1956) ................................................................................................ 8

*Eastern Transp. Co. v. United States*,
272 U.S. 675, 47 S. Ct. 289, 71 L. Ed. 472 (1927) .................................................. 7

*H&H Wholesale Services, Inc. v. United States*,
437 F. Supp. 2d 1335 (Ct. Int'l Trade 2006) ........................................................ 16

*Hartford Fire Ins. Co. v. United States*,
544 F.3d 1289 (Fed. Cir. 2008) ................................................................................ 8

*LDA Incorporado v. United States*,
978 F. Supp. 2d 1359 (Ct. Int'l Trade 2014) .......................................................... 9

*McMahon v. United States*,
342 U.S. 25, 72 S. Ct. 17, 96 L. Ed.  (1951) ............................................................ 7

*McNutt v. Gen. Motors Acceptance Corp.*,
298 U.S. 178 (1936) .................................................................................................... 6

*Mitsubishi Elecs. Am., Inc. v. United States*,
44 F.3d 973 (Fed. Cir. 1994) .............................................................................. 8, 12

*PRP Trading Corp. v. United States*,
885 F. Supp. 2d 1312 (Ct. Int'l Trade 2012) ........................................................ 17

*Root Sciences, LLC v. United States*,
543 F. Supp. 3d 1358 (Ct. Int'l Trade 2021) .................................................. 16, 17

*Ruckelshaus v. Sierra Club*,
463 U.S. 680 (1993) .................................................................................................... 7

*Steel Co. v. Citizens For A Better Env't*,
523 U.S. 83 (1998) ...................................................................................................... 6

*Sunpreme, Inc. v. United States*,
946 F.3d 1300 (Fed. Cir. 2020) .............................................................................. 12

*Tempco Mktg v. United States,*
  957 F. Supp. 1276 (Ct. Int'l Trade 1997) ............................................ 17

*U.S. Shoe Corp. v. United States,*
  114 F.3d 1564 (Fed. Cir. 1997)............................................................ 8

*United States v. Mitchell,*
  445 U.S. 535 (1980)............................................................................ 7

*Wally Packaging, Inc. v. United States,*
  578 F. Supp. 1408 (Ct. Int'l Trade 1984) ............................................ 6

*Xerox Corp. v. United States,*
  423 F.3d 1356 (Fed. Cir. 2005)............................................................ 8

**Statutes**

7 U.S.C. § 7701 ...................................................................................... 12

19 U.S.C. § 1499 .................................................................................... 2

19 U.S.C. § 1499(c) ......................................................................... *passim*

19 U.S.C. § 1499(c)(1).......................................................................... 2

19 U.S.C. § 1499(c)(5).......................................................................... 10

19 U.S.C. § 1499(c)(5)(A) .................................................................... 2

19 U.S.C. § 1499(c)(5)(B) .................................................................. 3, 6

19 U.S.C. § 1514 .................................................................................... 8

19 U.S.C. § 1514(a) ..................................................................... 2, 3, 9, 16

19 U.S.C. § 1514(a)(1)-(2)..................................................................... 3

19 U.S.C. § 1514(a)(4)................................................................. 2, 3, 8, 11

19 U.S.C. § 1514(a)(5)........................................................................... 12

19 U.S.C. § 1595a(c)(2) ......................................................................... 15

19 U.S.C. § 1595a(c)(2)(A) ................................................................... 15

19 U.S.C. § 1608 .................................................................................... 16

19 U.S.C. § 1618 ................................................................................................................ 16

28 U.S.C. § 1356 ................................................................................................................ 16

28 U.S.C. § 1581 .................................................................................................................. 8

28 U.S.C. § 1581(a) ..................................................................................................... *passim*

49 U.S.C. § 30112(a)(1) ............................................................................................... 14, 15

Section 301 of the Trade Act of 1974 ................................................................................ 4

Section 499 of the Tariff Act of 1930 .............................................................................. 12

Section 499(c) of the Tariff Act of 1930 ......................................................................... 10

Section 515 of the Tariff Act of 1930 ......................................................................... 8, 10

Title VI of the North American Free Trade Agreement Implementation Act ............................ 12

Customs Informed Compliance and Modernization Act,
  Pub. L. No. 103-182, 107 Stat. 2057 ........................................................................... 12

Section 103 of the National Traffic and Motor Vehicle Safety Act of 1966 (80 Stat. 718) ......... 14

**Rules**

USCIT R. 12(b)(1) ....................................................................................................... 1, 6, 7

**Regulations**

19 C.F.R. § 162.47 ............................................................................................................. 16

49 C.F.R. Part 571 ............................................................................................................ 14

49 C.F.R. § 571.1 .............................................................................................................. 14

49 C.F.R. Part 574 ............................................................................................................ 14

49 C.F.R. § 574.5 ........................................................................................................ 14, 15

C.F.R. § 171.1 ................................................................................................................... 16

**Other Authorities**

H.R. Rep. No. 103–361, 1993 U.S.C.C.A.N. 2662 ....................................................... 13

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE LISA W. WANG, JUDGE

|  |  |  |
|---|---|---|
| ————————————————— | : | |
| INSPIRED VENTURES LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Court No. 24-00062 |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| ————————————————— | : | |

## <u>MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS</u>

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of International Trade, defendant, United States (the Government), respectfully requests that the Court dismiss this action for lack of subject matter jurisdiction. This action covers two entries, Entry Nos. AVV-0053438-1 and AVV-0053445-6, of rubber tires from the People's Republic of China (China) that Inspired Ventures, LLC (plaintiff or IVL), a new importer, attempted to import through the Port of Los Angeles, California on November 25, 2023.

Plaintiff alleges that U.S. Customs and Border Protection (CBP) incorrectly excluded the rubber tires. *See generally* ECF No. 5 (Compl). Plaintiff further alleges that the Court has jurisdiction to consider this action under 28 U.S.C. § 1581(a), which allows the Court to review decisions that are subject to the administrative protest mechanism. *Id*. ¶ 1. As will be discussed below, the Court does not have section 1581(a) jurisdiction because no protestable decision has been made by CBP. The subject tires have not been excluded by operation of law under 19 U.S.C. § 1499(c), as IVL contends. *Id*. ¶ 14. Although CBP detained both entries, and has

seized Entry No. AVV-0053438-1[1], CBP did not render a decision as to the admissibility of the tires. Rather, the U.S. Department of Transportation's (DOT) National Highway Transit Safety Administration (NHTSA) determined that the tires were not in compliance with its regulations, and therefore, were not admissible. As a result, the provisions of 19 U.S.C. § 1499(c) do not apply to IVL's entries. Finally, the Court lacks jurisdiction over Entry No. AVV-0053438 for the additional reason that seizures are not protestable actions under 19 U.S.C. § 1514(a) and are not appealable to this Court. Accordingly, the Court should dismiss this action for lack of subject matter jurisdiction.

## **BACKGROUND**

### I. **Legal Background**

Under 19 U.S.C. § 1499, CBP has the authority to examine and detain imported merchandise. Section 1499(c) sets forth certain actions that CBP must take and the time limits for those actions when detaining merchandise. In particular, CBP is required to decide whether to release or detain merchandise within the 5-day period (excluding weekends and holidays) following the date on which the merchandise is presented to CBP for examination. 19 U.S.C. § 1499(c)(1). If CBP does not release the merchandise within that 5-day period, the merchandise is considered detained. *Id.*

Although the statute does not limit the amount of time that CBP may detain merchandise, if CBP does not make a final determination as to the admissibility of detained merchandise within 30 days after the merchandise has been presented for examination, CBP's inaction shall be treated as a decision by CBP to exclude the merchandise for purposes of 19 U.S.C. § 1514(a)(4), and a protest may be filed. 19 U.S.C. § 1499(c)(5)(A).

---

[1] CBP has not yet issued the notice of seizure for this entry.

19 U.S.C. § 1514(a) lists certain CBP decisions that "shall be final and conclusive upon all persons" unless a protest is filed to challenge that decision.  Such decisions include the appraised value and classification of imported merchandise.  19 U.S.C. § 1514(a)(1)-(2). Relevant here, section 1514(a)(4) permits protests that challenge "the exclusion of merchandise from entry or delivery or a demand for redelivery to customs custody under any provision of the customs laws, except a determination appealable under section 1337 of this title."

If a protest is filed to challenge an alleged exclusion, CBP has 30 days to decide the protest, or the protest shall be treated as denied for purposes of the Court's jurisdiction, and the protestant may file an action with the Court under the jurisdictional provision of 28 U.S.C. § 1581(a).  19 U.S.C. § 1499(c)(5)(B); 28 U.S.C. § 1581(a).

Importantly for this case, however, 19 U.S.C. § 1499(c) makes clear that its provisions apply "[e]xcept in the case of merchandise with respect to which the determination of admissibility is vested in an agency other than the Customs Service…"  19 U.S.C. § 1499(c). Thus, section 1499(c)—and its mechanism that renders CBP's inaction on detained merchandise to become a deemed exclusion over which this Court has jurisdiction—only applies where the admissibility determination is vested with CBP.  Where the admissibility determination is made by another U.S. Government agency, the statute does not provide a mechanism for merchandise to become deemed excluded as a matter of law.[2]

---

[2] We note that this action presents a similar issue to that currently before the Court in *Unichem Enterprises, Inc. v. United States*, Court No. 24-00033.

## II.    Factual And Procedural Background

The entries at issue were initially filed on November 29, 2023.[3]  On November 30, 2023, CBP placed the entries on hold because they were at a high potential risk for tariff evasion due to IVL being a new importer and the merchandise being subject to antidumping and countervailing (AD/CVD) duties and duties assessed pursuant to Section 301 of the Trade Act of 1974.  *See* Decl. of CBP Import Specialist (IS) Nancy Cain (Cain Decl.) at ¶ 3.

Because the entries were placed on hold, IVL was required to present the merchandise for CBP's examination, which it did on December 7, 2023.  *Id*. at ¶ 4.  On December 8, 2023, the merchandise was examined and photographed by CBP officers, who determined that the merchandise may be in violation of DOT regulations concerning tires.  *Id*. at ¶ 5.

On December 11, 2023, IS Cain, at the Automotive and Aerospace Center of Excellence and Expertise (Center), recommended to the Port of Los Angeles that the entries be detained and that additional photos of the tires be taken.  *Id*. at ¶ 6.  The subsequent detention notices and custody receipts (Form 6051D) for these entries were issued by the Port on December 13, 2023 (Entry No. AVV-0053438-1) and December 14, 2023 (Entry No. AVV-0053445-6), both of which cite "POSSIBLE DOT ISSUE" as the reason for the detentions.  *Id*. at ¶ 7; Attachment A to Cain Decl. (Form 6051D Receipts).[4]

Although the Center, which oversees commercial trade activity in automotive and aerospace goods, regularly reviews automotive goods imported into the United States for

---

[3] CBP rejected the initial entry papers and requested additional documentation regarding the merchandise in the entries, as well as revised entry summary information (correcting the entry type, adding applicable antidumping and countervailing duties, and updating the tire manufacturer information), which was submitted on January 8, 2024.

[4] Any Personal Identifiable Information (PII) and/or Business Confidential Information (BCI) has been redacted from these forms.

compliance issues, IS Cain deferred to NHTSA's regulatory expertise as to whether IVL's tires complied with U.S. laws and were admissible because NHTSA, and not CBP, is the U.S. Government agency charged with administering the Federal Motor Vehicle Safety Standards (FMVSS). Cain Decl. at ¶ 8. Accordingly, on December 11, 2023 (regarding Entry No. AVV-0053438-1) and December 20, 2023 (regarding Entry No. AVV-0053445-6), IS Cain initiated email correspondence with NHTSA to ascertain whether the subject tires complied with the applicable regulatory standards. *Id*.

On December 21, 2023, NHTSA determined that the tires contained in the subject entries did not comply with provisions of the FMVSS. *Id*. at ¶ 9; Attachment B to Cain Decl. (NHTSA Determinations).[5] In particular, NHTSA found that the tires were missing a complete tire identification number (TIN)—specifically the date code, which reflects the date of manufacture. *Id*. Consequently, NHTSA advised that CBP may seize or deny entry of the tires. *Id*.

Accordingly, based on the determination rendered by NHTSA that IVL's tires were not admissible, on December 21, 2023, IS Cain recommended that the Port seize the tires from both entries. *Id*. at ¶ 10. Because of the domestic value of the merchandise contained in each entry, the seizure recommendations required approval from CBP Headquarters. *Id*.

On February 9, 2024, IVL filed Protest No. 2704-24-169327 at the Port of Los Angeles, purportedly challenging CBP's "exclusion" of the subject entries. Compl. ¶ 2.

On February 16, 2024, CBP approved the seizure of Entry No. AVV-0053438-1, and on February 22, 2024, CBP seized the merchandise in the entry, with the subsequent custody receipt

---

[5] Any PII and/or BCI has been redacted from NHTSA's Determinations.

(Form 6051S) generated by the Port on February 27, 2024.  Cain Decl. at ¶ 10; Attachment C to Cain Decl. (Form 6051S custody receipt for Entry No. AVV-0053438-1).[6]

In IVL's view, its protest allegedly became denied by operation of law on March 10, 2024, 19 U.S.C. § 1499(c)(5)(B), and on March 12, 2024, IVL commenced this action, alleging that "CBP incorrectly and without legal authority excluded the rubber tires" in the subject entries, and seeking the admission and release of the merchandise.  Compl. ¶¶ 19-20, 22-23, Prayer for Relief.

CBP approved the seizure of Entry No. AVV-0053445-6 on March 25, 2024, but CBP has not seized the entry since approval was granted after this action was commenced.  Cain Decl. at ¶ 11.  As such, this entry remains in a detained status.  *Id*.

## ARGUMENT

### I.    Standard of Review

The Court's determination of subject matter jurisdiction is a threshold inquiry.  *Steel Co. v. Citizens For A Better Env't*, 523 U.S. 83, 94–95 (1998).  "It is fundamental that the existence of a jurisdictional predicate is a threshold inquiry in which plaintiff bears the burden of proof." *CR Indus. v. United States*, 10 CIT 561, 562 (1986).  When jurisdiction is challenged pursuant to Rule 12(b)(1), a plaintiff has the burden of establishing the basis for jurisdiction.  *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Wally Packaging, Inc. v. United States*, 578 F. Supp. 1408, 1410 (Ct. Int'l Trade 1984) (noting that "[w]hen the Court's jurisdiction is challenged, the party asserting jurisdiction has the burden of establishing that jurisdiction exists").

---

[6] Any PII and/or BCI has been redacted from this form.

When reviewing jurisdictional challenges, the Court "draw[s] all facts—which [it] assume[s] to be true unless contradicted by more specific allegations or documentary evidence— from the complaint and from the exhibits attached thereto." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d. Cir. 2011) (citations omitted). "When reviewing a challenge under Rule 12(b)(1), 'the court may consider documents outside the pleadings to assure itself that it has jurisdiction.'" *Ctr. for Biological Diversity v. U.S. Int'l Dev. Fin. Corp.*, 585 F. Supp. 3d 63, 69 (D.D.C. 2022), *aff'd*, 77 F.4th 679 (D.C. Cir. 2023) (citation omitted); *see also Amidax Trading Grp.*, 671 F.3d at 145 ("To the extent that…the federal defendants's Rule 12(b)(1) motion placed jurisdictional facts in dispute…the district court properly considered evidence outside the pleadings." (citations omitted)).

Furthermore, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotations and citations omitted). A waiver of sovereign immunity must be unequivocally expressed, not merely implied. *Id*. As the United States Supreme Court stated in *Ruckelshaus v. Sierra Club*:

> Waivers of immunity must be "construed strictly in favor of the sovereign," *McMahon v. United States*, 342 U.S. 25, 27, 72 S. Ct. 17, 19, 96 L. Ed. 268 (1951), and not "enlarge[d] . . . beyond what the language requires." *Eastern Transp. Co. v. United States*, 272 U.S. 675, 686, 47 S. Ct. 289, 291, 71 L. Ed. 472 (1927).

463 U.S. 680, 685 (1993).

The precise expression of consent to suit are the jurisdictional statutes enacted by Congress which authorize suit against the United States only under certain conditions. In customs and trade litigation, subject matter jurisdiction in actions against the United

States is conferred upon this Court by 28 U.S.C. § 1581. Thus, although the United States has consented to be sued in this Court, such suits may only be permitted if the conditions of that statute are met.

**II.    Because IVL's Tires Have Not Been Excluded By Operation Of Law Under 19 U.S.C. § 1499(c), There Is No Protestable Decision By CBP To Review, And This Court Lacks Subject Matter Jurisdiction Under 28 U.S.C. § 1581(a)**

Plaintiff asserts jurisdiction under 28 U.S.C. § 1581(a), *see* Compl. ¶ 1, which grants the Court exclusive jurisdiction "of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." Congress created an "express scheme," embodied by 28 U.S.C. § 1581(a) and 19 U.S.C. § 1514, for the importer to challenge certain decisions of CBP, including the exclusion of merchandise. *See Hartford Fire Ins. Co. v. United States*, 544 F.3d 1289, 1291 (Fed. Cir. 2008) ("In subsection 1581(a), Congress set out an express scheme for administrative and judicial review of Customs' actions.") (citations omitted); *see also* 19 U.S.C. § 1514(a)(4) (providing that "the exclusion of merchandise from entry" is a protestable CBP decision). Pursuant to this scheme, the importer is required to protest the administrative decision and present its arguments to the agency in the first instance. Should the agency deny the protest in whole, or in part, the importer may commence a civil action under 28 U.S.C. § 1581(a) to have the trial court review the administrative decision. 28 U.S.C. § 1581(a).

There are limitations, however, to judicial review under this framework. "'Customs must engage in some sort of decision-making process in order for there to be a protestable decision.'" *Xerox Corp. v. United States*, 423 F.3d 1356, 1363 (Fed. Cir. 2005) (*Xerox*) (quoting *U.S. Shoe Corp. v. United States*, 114 F.3d 1564, 1569 (Fed. Cir. 1997), and citing *Mitsubishi Elecs. Am., Inc. v. United States*, 44 F.3d 973, 977 (Fed. Cir. 1994), and *Dart Exp. Corp. v. United States*, 43 C.C.P.A. 64, 69–70 (1956)). If CBP has no discretion in the decision, regardless of whether the

decision is enumerated under 19 U.S.C. § 1514(a), then the decision is not one that is protestable in nature, and therefore cannot be reviewed by the trial court under 28 U.S.C. § 1581(a).  *See, e.g.*, *LDA Incorporado v. United States*, 978 F. Supp. 2d 1359, 1367-68 (Ct. Int'l Trade 2014).

IVL asserts jurisdiction under section 1581(a), and contests CBP's alleged exclusion of the merchandise in the entries.  Specifically, IVL alleges that the subject entries were deemed excluded by operation of law on February 7, 2024.  Compl. ¶ 14.  However, as discussed below, the Court does not have jurisdiction over this action because the subject tires have not been deemed excluded by operation of law under 19 U.S.C. § 1499(c).  Rather, in accordance with NHTSA's determination that the tires are inadmissible, one of the entries has been seized and the other entry continues to be detained.

### A. Congress Declined To Apply The Provisions Of 19 U.S.C. § 1499(c) Where Agencies Other Than CBP Are Responsible For Determining The Legality Of Entered Merchandise

This Court can only have subject matter jurisdiction over the entries at issue under 28 U.S.C. § 1581(a) if the entries have been deemed excluded by operation of law under 19 U.S.C. § 1499(c).  *See* 19 U.S.C. § 1499(c).  However, the provisions of 19 U.S.C. § 1499(c) do not apply "…in the case of merchandise with respect to which the determination of admissibility is vested in an agency other than the Customs Service..."  *Id.*  As discussed further, the admissibility determination for the merchandise at issue is vested with NHTSA, and not with CBP.  Therefore, the subject tires have not been deemed excluded and the Court does not have subject matter jurisdiction over this case.

The question of whether Congress vested an admissibility determination in an agency other than CBP (for purposes of 19 U.S.C. § 1499(c)) hinges on whether another agency has taken responsibility for determining the legality of the merchandise, even if that agency does not

necessarily have separate authority to detain or exclude the merchandise.  For instance, in *CBB Group v. United States*, 783 F. Supp. 2d 1248, 1251 (Ct. Int'l Trade 2011), a case concerning the deemed exclusion of alleged counterfeit goods that allegedly violated copyright law, the Court briefly discussed 19 U.S.C. § 1499(c) in its jurisdictional analysis, stating:

> Plaintiff's claim arises under section 515 and also under section 499(c) of the Tariff Act, which applies '[e]xcept in the case of merchandise with respect to which the determination of admissibility is vested in an agency other than the Customs Service . . . .'  19 U.S.C. § 1499(c).  According to the submissions of both parties, the *determination of admissibility of plaintiff's merchandise turns on the question of whether copyright violations occurred upon importation*, a determination not vested in any agency other than Customs."

*CBB*, 783 F. Supp. 2d at 1251 (emphasis added).

In *CBB*, the Court found that the provisions of 19 U.S.C. § 1499(c) applied because it was undisputed that, for the specific merchandise at issue, CBP was solely responsible for determining whether copyright violations had occurred.  *Id.*  However, the Court's focus on identifying which agency determines legality indicates that the provisions of 19 U.S.C. § 1499(c) will not apply when an agency other than CBP has taken responsibility for deciding whether the merchandise can be legally imported.

Such a rule makes sense in light of the purpose of section 1499.  One purpose of 19 U.S.C. § 1499(c) is to provide an avenue for importers to protest CBP's decision, deemed or otherwise, to exclude merchandise.  *See* 19 U.S.C. § 1499(c)(5).  But when CBP has taken action to effect an assessment and determination by another agency, there is no protest remedy that CBP can provide because the importer's dispute is with the other agency's determination, not with any "decision" made by CBP.  If there is no protest remedy, it necessarily follows that that

there is no avenue for relief under 28 U.S.C. § 1581(a) because, again, the importer is contesting another agency's determination, not a decision by CBP.

The Court's decision in *Andritz Sundwig GMBH v. United States*, 322 F. Supp. 3d 1360, 1364 (Ct. Int'l Trade 2018), is instructive. Although the case did not involve a deemed exclusion or specifically discuss 19 U.S.C. § 1499(c), the Court recognized that a protest challenging actions taken by CBP on behalf of another agency, and pursuant to the laws and regulations enforced by that agency, was invalid and did not give rise to jurisdiction under 28 U.S.C. § 1581(a). In *Andtritz*, CBP, which is jointly responsible for enforcing the Plant Protection Act with the U.S. Department of Agriculture (USDA), issued Emergency Action Notifications (EANs) to the importer under the Plant Protection Act commanding the importer to re-export or destroy pest infested cargo and packaging material. The importer protested the EANs and then filed a case before the Court challenging CBP's denial of the protest. The importer claimed that the Court had jurisdiction under, *inter alia*, 28 U.S.C. § 1581(a) and 19 U.S.C. § 1514(a)(4), which provides the Court with jurisdiction over protests of CBP's decisions concerning "the exclusion of merchandise from entry or delivery or a demand for redelivery to customs custody under any provision of the customs laws . . . ." *See* 19 U.S.C. § 1514(a)(4).

In rejecting the importer's jurisdictional claims, the Court acknowledged that the case potentially involved "the exclusion of merchandise from entry" under 19 U.S.C. § 1514(a)(4), but it determined that it was not a decision that CBP made "under any provision of the customs laws." *Andritz*, 322 F. Supp. 3d at 1364. The Court concluded that the exclusion effected by the EANs was instead made pursuant to agricultural laws. In support, the Court noted that the EANs listed USDA as the supervisory agency and cited to the Plant Protection Act and regulations promulgated thereunder, and that "the EANs represent one aspect of the [USDA's] efforts to

enforce the Plant Protection Act and to safeguard 'the agriculture, environment, and economy of the United States.'" *Id.* (quoting 7 U.S.C. § 7701). Accordingly, the Court concluded that because the importer's protest of the EANs involved an exclusion pursuant to agricultural laws instead of customs laws, it did not have jurisdiction under 28 U.S.C. § 1581(a).

Importantly, in *Andritz*, the Court inherently recognized that when CBP's actions or decisions are taken or made on behalf of, or at the behest of, other agencies and reflect those agencies' efforts to enforce non-customs laws and regulations for which they have or share responsibility, the Court lacks jurisdiction to review the ministerial actions of CBP. *Andritz*, 322 F. Supp. 3d at 1364; *see also Sunpreme, Inc. v. United States*, 946 F.3d 1300, 1320 (Fed. Cir. 2020) ("The term 'ministerial' often is used to contrast the presence of certain kinds of discretion or judgment." (citations omitted)); *see, e.g.*, *Mitsubishi Elecs. America, Inc.*, 44 F.3d at 977 (Fed. Cir. 1994) (Customs' "ministerial role in liquidating antidumping duties under 19 U.S.C. § 1514(a)(5)" is not reviewable under 28 U.S.C. § 1581(a)).

The legislative history of Section 499 of the Tariff Act of 1930, as amended by the Customs Informed Compliance and Modernization Act, Pub. L. No. 103-182, 107 Stat. 2057 (Mod Act), also indicates that the provisions of 19 U.S.C. § 1499(c) were not intended to apply when another agency with authority over the subject matter has taken responsibility for determining whether a given importation is legal and thus admissible.

Section 499 of the Tariff Act of 1930 was amended to add the provisions found in 19 U.S.C. § 1499(c) by the Mod Act, which was included as Title VI of the North American Free Trade Agreement Implementation Act. The House Report accompanying the Mod Act explains that the purpose of the provision was to establish procedures that would provide importers with

notice and remedies for detentions of merchandise by CBP.  H. R. Rep. No. 103–361 at 108–9, as reprinted in 1993 U.S.C.C.A.N. at 2662–63.

The House Report indicates, however, that the new procedure providing recourse through this Court "would be reserved for admissibility determinations for which the Customs Service is responsible," and not when Customs "detains merchandise on behalf of other Government agencies and is not directly involved in the activities which result in the decision to admit or exclude the merchandise."  *See id.* at 2662.  The House Report states:

> The Committee recognizes that *Customs often detains merchandise on behalf of other Government agencies and is not directly involved in the activities which result in the decision to admit or exclude the merchandise*.  These agencies include the Food and Drug Administration (FDA) and the Department of Agriculture, among others.  *This procedure providing recourse through the Court of International Trade would be reserved for admissibility determinations for which the Customs Service is responsible*.  Nothing in this section is intended to change the procedures or relationship between Customs and other Federal agencies.  However, this would not preclude application of this new procedure and remedy in those cases where Customs has the responsibility and authority to determine the admissibility of the merchandise, and such procedures and remedies are agreed to by the other agency.

*Id.* (emphasis added).

The House Report, therefore, further supports the conclusion that the provisions of 19 U.S.C. § 1499(c) should not apply to instances in which an agency other than CBP is responsible for applying and enforcing its governing regulations by determining whether entered merchandise is admissible.  It stands to reason that Congress would not impose the timing requirements of section 1499(c) on CBP when another agency is vested with rendering an admissibility determination.  Otherwise, if CBP was bound by the timetable set forth in section 1499(c), entered merchandise would likely routinely become deemed excluded by operation of

law while CBP awaits taking action in accordance with the responsible agency's evaluation and determination of the merchandise's admissibility.

**B. NHTSA Is Responsible For Determining The Admissibility Of IVL's Tires**

Here, the admissibility determination of IVL's tires is vested with NHTSA, not CBP. NHTSA is the federal agency tasked with improving safety on U.S. highways, and to that end, the agency develops and enforces the applicable and governing Federal Motor Vehicle Safety Standards (FMVSS), which require minimum levels of safety performance for motor vehicles and motor vehicle equipment.  As part of its enforcement duties, NHTSA monitors motor vehicles and equipment imported into the United States to ensure that such vehicles and equipment comply with all applicable FMVSS regulations.  Under 49 U.S.C. § 30112(a)(1), a person may not manufacture for sale, sell, offer for sale, introduce or deliver for introduction in interstate commerce, or import into the United States, any motor vehicle or motor vehicle equipment manufactured on or after the date that an applicable FMVSS takes effect unless the vehicle or equipment complies with the FMVSS.

The FMVSS are codified at 49 C.F.R. Part 571 *et seq*.  *See* 49 C.F.R. § 571.1 ("This part contains the Federal Motor Vehicle Safety Standards for motor vehicles and motor vehicle equipment established under section 103 of the National Traffic and Motor Vehicle Safety Act of 1966 (80 Stat. 718).").  Relevant here, 49 C.F.R. Part 574 concerns requirements for new and retreaded tires, and 49 C.F.R. § 574.5 details tire identification requirements, including the labels and contents of tire identification numbers (TIN).

In this case, NHTSA, acting under its vested authority to evaluate whether imported motor vehicle equipment meets the requirements of the FMVSS, and not CBP, determined the legality and admissibility of IVL's tires.  *See* Cain Decl. at ¶ 9; NHTSA Determinations.  It was

NHTSA, and not CBP, that evaluated whether the subject tires violate NHTSA's regulations (they do) and whether the tires are admissible (they are not). In particular, NHTSA found that IVL's tires were noncompliant with the agency's marking, labeling, and identification requirements set forth in 49 C.F.R. § 574.5. *See* NHTSA Determinations. Consequently, NHTSA concluded that the shipments of IVL's tires do not meet the agency's requirements— requirements that are codified by law to ensure the safety of the motor vehicles and equipment on our roadways.

In order to carry out and effectuate NHTSA's determination that the subject tires did not meet the necessary safety requirements for import, CBP seized the tires from one entry pursuant to 19 U.S.C. § 1595a(c)(2),[7] and was in the process of doing so with respect to the other entry when this lawsuit was commenced. Relevant here, section 1595a(c)(2)(A) authorizes seizures when entered goods are subject to import restrictions "relating to health, safety, or conservation,"—such as 49 U.S.C. § 30112(a)(1) and the FMVSS—and the goods are noncompliant with the "applicable rule, regulation, or statute"—such as IVL's tires in light of 49 C.F.R. § 574.5 and the FMVSS.

Because CBP is ministerially executing the admissibility determination vested with, and made by NHTSA, the provisions of 19 U.S.C. § 1499(c) do not apply to IVL's entries, the merchandise has not been deemed excluded by operation of law, and the Court does not have subject matter jurisdiction over this case under 28 U.S.C. § 1581(a).

---

[7] 19 U.S.C. § 1595a(c)(2) provides, in relevant part, that merchandise may be "seized and forfeited," when, *inter alia*, "its importation or entry is subject to any restriction or prohibition which is imposed by law relating to health, safety, or conservation and the merchandise is not in compliance with the applicable rule, regulation, or statute," or if "its importation or entry requires a license, permit or other authorization of an agency of the United States Government and the merchandise is not accompanied by such license, permit, or authorization."

**III.    As An Additional Matter, The Court Cannot Review Plaintiff's Claims Involving Entry No. AVV-0053438-1 Because The Merchandise Has Been Seized And The Court Does Not Have Subject Matter Jurisdiction To Review Seizures**

As explained above, this Court lacks jurisdiction over the subject tires because the determination that the tires are inadmissible was vested in and made by NHTSA, not CBP. In addition to this basis for lack of jurisdiction, the Court also lacks jurisdiction over Entry No. AVV-0053438-1—which CBP has seized—because seizures are not protestable decisions under 19 U.S.C. § 1514(a).

"Seizures, unlike exclusions, are not protestable decisions under 19 U.S.C. § 1514(a), and are not appealable to this court." *Root Sciences, LLC v. United States*, 543 F. Supp. 3d 1358, 1361 (Ct. Int'l Trade 2021) (citation omitted). Rather, CBP's seizure of goods is reviewable by the federal district court in the district in which the merchandise is located. *See* 28 U.S.C. § 1356; *see also H&H Wholesale Services, Inc. v. United States*, 437 F. Supp. 2d 1335, 1340 (Ct. Int'l Trade 2006) ("It is well established, however, that the court lacks jurisdiction under § 1581(a) to review a seizure of goods by Customs. If Customs's treatment of the merchandise 'was a "seizure" ... jurisdiction would lie with the United States District Court ... under 28 U.S.C. § 1356.'" (citation omitted)). "To obtain relief from seizure, the importer may file an administrative petition pursuant to 19 U.S.C. § 1618 and C.F.R. § 171.1; or file a claim pursuant to 19 U.S.C. § 1608 and 19 C.F.R. § 162.47, for referral to the U.S. attorney for the district in which the seizure was made, who shall then institute forfeiture proceedings." *Root Sciences,* 543 F. Supp. 3d at 1362.

Here, CBP seized the goods in Entry No. AVV-0053438-1 on February 22, 2024. Cain Decl. at ¶ 10. As mentioned above, *supra* at fn. 1, CBP has not yet issued the notice of seizure

for this entry.  Although in certain instances this Court has recognized that the date that a notice

of seizure was issued or sent may determine the operative date of the seizure, *see CBB Group*,

783 F. Supp. 2d at 1255, n. 3; *Blink Design, Inc. v. United States,* 986 F. Supp. 2d 1348, 1356-57

(Ct. Int'l Trade 2014), we respectfully disagree.  As this Court has ruled on a number of

occasions, the date of the actual seizure is the legally effective date of the seizure.  *See Root*

*Sciences*, 543 F. Supp. 3d at 1369; *Tempco Marketing v. United States*, 957 F. Supp. 1276, 1279

(Ct. Int'l Trade 1997); *PRP Trading Corp. v. United States*, 885 F. Supp. 2d 1312, 1313-14 (Ct.

Int'l Trade 2012); *CDCOM (U.S.A.) Int'l Inc. v. United States*, 963 F. Supp. 1214, 1217 (Ct. Int'l

Trade 1997).

Because Entry No. AVV-0053438-1 has been seized, the federal district court in which

the entry is located is the proper venue to challenge the seizure, not this Court.  *See Root*

*Sciences, LLC*, 543 F. Supp. 3d at 1362.  IVL is free to pursue any available statutory and

regulatory remedies to challenge the seizure, but it may not do so in this Court.  For this

additional reason, the Court does not have subject matter jurisdiction over Entry No. AVV-

0053438-1.

## **CONCLUSION**

For the foregoing reasons, this Court should grant the Government's motion to dismiss.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:    /s/ Justin R. Miller
        JUSTIN R. MILLER
        Attorney-In-Charge
        International Trade Field Office

Of Counsel:                                    /s/ Alexander Vanderweide
ZACHARY SIMMONS                                ALEXANDER VANDERWEIDE
Office of the Assistant Chief Counsel          Senior Trial Counsel
International Trade Litigation                  NICO GURIAN
U.S. Customs and Border Protection             Trial Attorney
                                               International Trade Field Office
                                               Department of Justice, Civil Division
                                               Commercial Litigation Branch
                                               26 Federal Plaza, Room 346
                                               New York, New York 10278
                                               (212) 264-0482
                                               Attorneys for Defendant

May 13, 2024

## **<u>CERTIFICATE OF COMPLIANCE</u>**

I, Alexander Vanderweide, an attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the Government's memorandum in support of defendant's motion to dismiss, dated May 13, 2024, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 5399 words.

<u>/s/ Alexander Vanderweide</u>