**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: THE HONORABLE LISA W. WANG, JUDGE

| | | |
|---|---|---|
| INSPIRED VENTURES LLC, | x | Court No. 24-00062 |
| Plaintiff, | : | |
| v. | : | |
| UNITED STATES, | : | |
| Defendant. | : | |
| _____ | x | |

**PLAINTIFF'S OPPOSITION TO**
**GOVERNMENT'S MOTION TO DISMISS**

Pusuant to Rule 12(b)(1) of the Rules of the United States Court of International Trade, Plaintiff, Inspired Ventures LLC, respectfully requests that the Court deny Defendant's Motion to Dismiss upon the grounds set forth in the accompanying memorandum of law.

WHEREFORE, Inspired Ventures LLC respectfully asks this Court to enter an order denying Defendant's Motion to Dismiss.

Dated: June 10, 2024,     Los Angeles, California.

                              Respectfully submitted,
                              STEIN SHOSTAK SHOSTAK POLLACK & O'HARA
                              Attorneys for Plaintiff
                              865 S. Figueroa Street, Suite 1388
                              Los Angeles, California 90017
                              Telephone: (213) 630-8888
                              By     /s/Elon A. Pollack_____
                                        Elon A. Pollack, Esq.

# **TABLE OF CONTENTS**

**PAGE**

**TABLE OF AUTHORITIES** ............................................................................................... ii

**BACKGROUND** ................................................................................................................2

**APPLICABLE LAW** ..........................................................................................................5

**ARGUMENT** .....................................................................................................................6

   **I.** The Court has Subject Matter Jurisdiction over this Action ...........................6

   **II.** CBP is the Agency Responsible for Determining the Admissibility Of Plaintiff's Merchandise and the Goods Were Deemed Excluded............10

**CONCLUSION**................................................................................................................14

**CERTIFICATE OF COMPLIANCE**

# TABLE OF AUTHORITIES

**FEDERAL CASES**                                                                                          **PAGE**

*Blink Design, Inc. v. United States*,
   986 F. Supp.2d 1348 (CIT 2014)...................................................................6, 8, 9

*CBB Group, Inc. v. United States*,
   35 C.I.T. 743, 783 F. Supp.2d 1248 (2011)...............................................8, 10, 13

*Root Sciences, LLC v. United States*,
   543 F. Supp.3d 1358 (CIT 2021)...................................................................6, 7, 8

**FEDERAL STATUTES**

19 U.S.C. §1499.................................................................................................*passim*
19 U.S.C. §1514..................................................................................................5, 6
19 U.S.C. §1595a....................................................................................................11
28 U.S.C. § 1581.....................................................................................................6

**FEDERAL REGULATIONS**

19 C.F.R.§141.113 ................................................................................................11
19 C.F.R.§151.16 ....................................................................................................6
19 C.F.R.§162.92 ....................................................................................................8
19 C.F.R.§162.93 ....................................................................................................9

**U.S. COURT OF INTERNATIONAL TRADE RULES**

U.S.C.I.T Rule 12(b)(1) ......................................................................................1, 6

**OTHER**

House Report No. 103-361 pt. 1 at 111 (1993)  ...............................................8, 10

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE LISA W. WANG, JUDGE

| | | |
|---|---|---|
| INSPIRED VENTURES, LLC | x : | |
| Plaintiff, | : : | |
| v. | : : | Court No. 24-00062 |
| UNITED STATES, | : : | |
| Defendant. | : : x | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO GOVERNMENT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Rules of the U.S. Court of International Trade, Plaintiff hereby opposes the government's motion to dismiss because the Court has subject-matter jurisdiction over Plaintiff's challenge to the denial of its protest. Customs did not make an admissibility determination within thirty days of examining imported tires on December 8, 2023; therefore under the statute and regulations they were deemed excluded when Plaintiff filed its protest on February 9, 2024. Customs did not decide on the protest within 30 days, resulting in its deemed denial. While Customs asserts it seized the merchandise for one entry on February 22nd, it was more than sixty days after examination of the merchandise and after it received a recommendation from DOT/NHTSA (hereinafter "DOT"). More importantly, to date Plaintiff has <u>not</u> received a notice of seizure. Customs admits

1

that it has not seized the second entry. For both entries, CBP, not the DOT, is vested with the responsibility and authority to determine the admissibility of Plaintiff's merchandise.

## BACKGROUND

On November 29, 2023, Plaintiff filed Entry No. AVV-0053438-1 ("Entry 1") and Entry No. AVV-0053445-6 ("Entry 2"). Customs rejected the entries. Plaintiff never received detention notices from CBP. On January 8, 2024, CBP Import Specialist Nancy Cain instructed Plaintiff's broker to update each entry from type 01 to type 03 and retransmit with the appropriate ADD/CVD case numbers and rates. Per IS Cain's instructions, Plaintiff's broker refiled both entries in proper form on January 8, 2024, including the deposit of the estimated antidumping duties. To Plaintiff's knowledge, Customs accepted the entries and released the tires in its system that day. However, without providing any explanation, Customs officers declined to authorize the physical release of the tires to Plaintiff. On January 22nd, Plaintiff learned from the examination warehouse, <u>not Customs</u>, that the entries were under Customs Headquarters review.

To Plaintiff's knowledge, on February 7, 2024, pursuant to 19 USC §1499, Entry No. AVV-00534456 and AVV-0053438-1 were deemed excluded by CBP by operation of law.[1] On February 9, 2024, Plaintiff timely filed Protest No. 2704-24-169327 contesting CBP's deemed exclusion of Entry Nos. AVV-0053438-1 and AVV-0053445-6. Even after Plaintiff filed the protest, Customs never notified Plaintiff of DOT's findings from December 2023 or its purported seizure of the goods.  On March 10, 2024, 30 days after filing the protest, the protest was deemed denied. On March 12, 2024, Plaintiff filed the instant summons and on March 13, Plaintiff filed its complaint.

Based on the information provided in the government's motion to dismiss through the Declaration of Import Specialist Nancy Cain, CBP examined the merchandise on December 8, 2023, and it issued detention notices on December 13th and 14th of 2023 citing possible DOT issues. See Declaration of Import Specialist Nancy Cain, Paragraphs 4-7, Attachment A. Plaintiff never received copies of the detention notices. On its face, the December 14th detention notice has the wrong address because an extra "0" was added to the end of the street number. While the December 13th notice has the correct address, Plaintiff did not receive it.

---

[1] Based on the Declaration of Import Specialist Nancy Cain, it appears the goods were deemed excluded on January 7, 2024, which was 30 days after CBP's examination of the goods on December 8, 2023. See Declaration of Import Specialist Nancy Cain, Paragraph 5.

3

IS Cain's declaration states that CBP received DOT's recommendations on December 21, 2023. The agency stated that the subject tires did not meet NHTSA's marking and labelling requirements; therefore, NHTSA was "of the opinion that CBP may seize or deny entry of the shipment of tires, and NHTSA would not be opposed to such an action." See Declaration of Import Specialist Nancy Cain, Attachment B. On the same day, IS Cain recommended that the Port seize both entries. Id. at Paragraph 10. Yet, on January 8th, almost three weeks after receiving DOT's feedback and making the seizure recommendation, IS Cain instructed Plaintiff's broker to deposit approximately $30,000 in antidumping duties. Moreover, the merchandise already had also accumulated almost $30,000 in storage fees because of the government's delay.

According to IS Cain's declaration, Customs Headquarters approved the seizure of Entry 1 on February 16th, and the merchandise was seized on February 22nd. Id. at Paragraph 10; Attachment C. At this point, Plaintiff had a protest pending with Customs based on the deemed exclusion. The February 22nd purported date of seizure is more than sixty days after the date of the December 8th examination and more than sixty days after DOT emailed its recommendation to Customs on December 21st. To date, three months after the purported seizure, Plaintiff still has not received a Notice of Seizure for Entry 1. The government admits in Footnote 1 to its motion that CBP has not issued a notice of seizure yet.

4

Approval to seize Entry 2 was granted on March 25th, after Plaintiff filed the summons and complaint in this action. Therefore, Customs has not seized the merchandise and Customs asserts that it remains in detained status. Id. at Paragraph 11.

## APPLICABLE LAW

19 U.S.C. §1499(c)(5) states:

The failure by the Customs Service to make a final determination with respect to the admissibility of detained merchandise within 30 days after the merchandise has been presented for customs examination, or such longer period if specifically authorized by law, shall be treated as a decision of the Customs Service to exclude the merchandise for purposes of section 1514(a)(4) of this title.

The statute provides an exception "with respect to which the determination of admissibility is vested in an agency other than the Customs Service."

In addition, under §1499(c)(5)(C),

…once an action respecting a detention is commenced, **unless the Customs Service establishes by a preponderance of the evidence that an admissibility decision has not been reached for good cause**, the court shall grant the appropriate relief which may include, but is not limited to, an order to cancel the detention and release the merchandise. Emphasis added.

# ARGUMENT

## I. The Court has Subject Matter Jurisdiction over this Action

28 U.S.C. § 1581(a) grants this court "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930," which enumerates certain decisions made by CBP. The exclusion of merchandise is one such protestable decision. 19 U.S.C. § 1514(a)(4). *Root Sciences, LLC v. United States*, 543 F.Supp.3d 1358, 1361 (CIT 2021). Under 19 U.S.C. § 1499(c)(5)(A), CBP's failure to make an admissibility determination on detained merchandise within 30 days of its presentation for customs examination is treated as a decision to exclude the merchandise for purposes of section 1514(a)(4).[2] Under 19 U.S.C. § 1499(c)(5)(B), if CBP fails to respond to a protest of an exclusion within thirty days, that protest will be deemed denied and is appealable to this court under 28 U.S.C. § 1581(a). On the other hand, detentions that result in a seizure are not protestable nor appealable to this court. *Id.*

Whether to grant a motion to dismiss for lack of jurisdiction is a question of law, and the Plaintiff bears the burden of establishing jurisdiction if it is challenged through a Rule 12(b)(1) motion. *Id.*, citations omitted. To make this determination,

---

[2] Under 19 C.F.R. § 151.16(b), "merchandise shall be considered to be presented for [CBP] examination when it is in a condition to be viewed and examined by a [CBP] officer." *Id.,* citing *Blink Design, Inc. v. United States*, 986 F. Supp. 2d 1348, 1355 (CIT 2014).

6

the Court is not limited to the allegations set forth in the pleadings. It can consider evidence and documents attached to a Motion to Dismiss to rule on whether it has jurisdiction. *Id*. at 1364, citations omitted.

The facts in the *Root Sciences* case are distinguishable from the facts presented here. In *Root Sciences*, the court dismissed the case for lack of jurisdiction because it held that that a seizure effectuated <u>within thirty days</u> of presentation of the goods to CBP, "even if uncommunicated to the importer within those thirty days, will prevent the occurrence of a deemed exclusion." *Id*. In contrast, for Entry 1 in this case, Customs did not seize the merchandise until February 22nd, <u>more than</u> sixty days after the date of (1) the December 8th examination of the goods, (2) the December 13th detention notice and (3) the December 21st email from NHTSA to Customs. The purported seizure also occurred after Plaintiff filed its protest challenging the deemed exclusion, and to date, Plaintiff still has not received a Notice of Seizure. The court in *Root Sciences* noted that:

> [T]he legislative history of the Mod Act, which created the deemed exclusion process, shows that the purpose of 19 U.S.C. § 1499(c) is to afford relief to importers for CBP's inaction. Congress explained that the statute would give CBP "a minimum of 60 days in which to determine whether merchandise initially detained shall be excluded from entry or seized and forfeited if

7

otherwise authorized under other provisions of law." H.R. Rep. No. 103–361, pt. 1, at 111–12 (1993). *Id*. at 1365.³

Here, Customs made no such determination within the 60-day timeframe in this case. Therefore, the goods were deemed excluded by operation of law prior to seizure, if one has even been effectuated. *See infra*. The February 22nd date on the Custody Receipt (Dec. of IS Cain, Attachment C) is <u>more than</u> thirty (and sixty) days after the date the merchandise was presented for examination, rendering them excluded. *Blink Design, Inc. v. United States*, 986 F. Supp. 2d at 1356-1357.⁴ *See also*, *Root Sciences* at 1369-1370. According to the court in *CBB Group, Inc. v. U.S.*, "[t]he issuance of the Seizure Notice, <u>which took place after this case was brought</u> and the court's jurisdiction over the claim attached, is no bar to the future ability of the court to order a remedy to which Plaintiff ultimately may be entitled." Emphasis added. *CBB Group, Inc. v. U.S.*, 35 C.I.T. 743, 783 F.Supp.2d 1248, 1256 (2011). Here, Customs admits that it never issued a Notice of Seizure for either entry. Under 19 C.F.R.162.92, "in no case may notice be sent more than 60 calendar days after the date of seizure." If Customs seized the merchandise on February 22nd it has

---

³ Without notice, are the goods seized? Moreover, in light of the lawsuit, the date of the Custody receipt appears to be a convenient attempt to thwart this Court's review.
⁴ In *Blink Design*, Customs seized the merchandise within 30 days of examination.

8

failed to comply with the 60-day requirement in this regulation as well. While there are exceptions, they do not apply here.[5]

Unlike the court's finding in *Blink Design*, this is <u>not</u> "a seizure case at its heart." *Id.* at 1358. Plaintiff never received CBP's detention notices and CBP's communications with Plaintiff's broker after receiving notification from DOT directly contradict Customs intention to seize (or exclude) the merchandise. CBP communicated with Plaintiff's broker on January 8, 2024, instructing him to refile the entries and deposit $30,000 in antidumping duties. This communication led the Plaintiff to believe that its merchandise is admissible and would be released for consumption. Clearly, CBP misled Plaintiff that the tires would be released. When the merchandise was not released, Plaintiff filed the exclusion protest, which was pending with Customs when the merchandise in Entry 1 was purportedly seized on February 22nd. As stated above, Customs <u>never</u> notified Plaintiff that the merchandise was seized. To date, Plaintiff still has not received a Notice of Seizure for Entry 1. To the point, Customs admits it has not issued a Notice of Seizure. As such, Customs has not provided Plaintiff with any mechanism to challenge Customs' failure to release its goods (*i.e.,* filing an administrative petition for relief or

---

[5] §162.93 goes on to state that the government must return the property if it fails to send notice withing the time prescribed.

9

requesting immediate forfeiture proceedings) other than to challenge the deemed exclusion. *Id.* at 1360 (citations omitted).

Finally, Plaintiff commenced this action on March 12, 2024. The government failed to notify this Court of its decisions with respect to these two entries until it filed this Motion to Dismiss on May 13, sixty two days later. "Once an action has commenced before the CIT, the Customs Service shall immediately notify the Court if a decision to release, exclude or seize has been reached." House Report at 110, *as reprinted in* 1993 U.S.C.C.A.N. at 2660. Clearly, Defendant failed to notify the court <u>immediately.</u> In response, the court should exercise its jurisdictional authority, deny the government's motion, and not allow the government to "usurp the Court's judicial power and prevent the Court from fulfilling its judicial responsibility." *CBB Group, Inc. v. U.S.*, 783 F.Supp.2d at 1254-1255.

## II. CBP is the Agency Responsible for Determining the Admissibility of Plaintiff's Merchandise and the Goods Were Deemed Excluded

The government argues in its motion to dismiss that the 30-day requirement under §1499(c) does not apply because DOT, not CBP, is charged with making the admissibility determination; therefore, the merchandise was never deemed excluded and the court does not have jurisdiction over the matter. This argument fails for two reasons: (1) DOT simply gave its recommendations to CBP to make its admissibility determination; and (2) assuming, arguendo, that DOT is the agency responsible for

making the determination, CBP cannot show that it had good cause (or any plausible explanation) to not act on DOT's findings within 60 days of receipt of DOT's advice.

Despite the government's arguments, DOT does not have independent authority to make admissibility determinations. Unlike the U.S. Department of Agriculture (USDA), or Food and Drug Administration (FDA), which have specific authority under Title 21 to conditionally release and recall imported merchandise (see, for example,19 C.F.R. § 141.113(c)), the DOT simply reviews the information provided by CBP and advises CBP as to the results of its findings for CBP's use in making CBP's decision whether to admit, exclude, or seize merchandise under 19 U.S.C. §1595a(c). Accordingly, CBP, not DOT/NHTSA, is tasked to decide whether to exclude or seize the merchandise. This is bolstered by DOT's recommendation to CBP, giving CBP the option. Even if the DOT is vested with admissibility authority, including the ability to request that CBP detain or seize goods on its behalf, there is no evidence it did so here. Just the opposite occurred.

The excerpt of the House Report that the government cites on page 13 of its motion supports Plaintiff's position. The H.R. states that the new procedure and remedy (*i.e.*, the 30-day time limit under §1499) can apply "where Customs has the responsibility and authority to determine the admissibility of the merchandise, and such procedures and remedies are agreed to by the other agency." This statement addresses the exact circumstance before the court here. CBP simply requested

11

technical assistance from the DOT to make its own (CBP's) admissibility determination, not the other way around. The NHTSA letter to IS Cain defers to Customs when it states "NHTSA understands that the shipment of tires may be seized by CBP who has reasonable cause to believe that any law or regulation enforced by CBP has been violated. NHTSA is of the opinion that CBP may seize or deny entry of the shipment of tires, and NHTSA would not be opposed to such an action."

CBP has held Plaintiff's merchandise for six months even though it knew that it would seize or exclude the merchandise within two weeks of examining the goods and receiving a recommendation from DOT in December 2023. It has allowed storage charges to continue to accrue, required Plaintiff to deposit antidumping duties <u>after</u> recommending seizure, and <u>never</u> notified Plaintiff of its decision to seize until filing this motion to dismiss.  Now, CBP is trying to justify its actions/inactions retroactively by abdicating responsibility to DOT.  If the Court adopts CBP's position set forth in its motion to dismiss then, the agency will have *carte blanche* to circumvent the time requirements of section 1499(c) by simply claiming it is acting at the behest of another agency. This would undermine and render meaningless the detailed notification and protest scheme set forth in section 1499(c) and leave importers powerless to contest CBP's indefinite detention (*de*

*facto* seizure) of their goods. This court should not endorse the government's unfair and unconstitutional position.

Furthermore, Customs cannot demonstrate that it had good cause to delay action on its admissibility determination once it received confirmation from NHTSA on December 21, 2023. CBP's excuse that it was waiting on guidance from Customs Headquarters because of the domestic value of the merchandise does not justify the delay. The agency's internal policy to get approval from Headquarters to seize the merchandise with a domestic value exceeding $100,000 does not override the time limits set forth in the relevant statute. Furthermore, the entered value for each of the two shipments is less than $30,000, and Customs conveniently redacted the estimated domestic value on the Custody Receipt it submitted with its Motion to Dismiss. See Declaration of Import Specialist Nancy Cain, Attachment C. Therefore, neither Plaintiff nor the Court knows whether the claimed appraised domestic value is accurate or exceeds $100,000.

Previously, this court rejected similar attempts by the government to use *post hoc* rationales to dismiss an importer's challenge to CBP's indefinite detention of merchandise. In *CBB*, the court rejected the government's attempt to use an after-the-fact seizure to unilaterally usurp the court's jurisdiction. *See CBB Grp., Inc. v. United States*, 783 F.Supp.2d at 1254-1255 ("Defendant's argument fails to address the consequences of the failure by Customs to make an admissibility determination

13

prior to the institution of this litigation."). This court should likewise deny the government's motion based on its unsubstantiated claims that CBP is operating at the behest and direction of the DOT, retain its jurisdiction over this matter.

## CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that the court deny the government's motion to dismiss, retain jurisdiction, and award Plaintiff its fees and costs incurred to respond to this motion.

Dated: June 10, 2024,      Los Angeles, California.

                              Respectfully submitted,

                              STEIN SHOSTAK SHOSTAK POLLACK & O'HARA
                              Attorneys for Plaintiff
                              865 S. Figueroa Street, Suite 1388
                              Los Angeles, California 90017
                              Telephone: (213) 630-8888

                              By    /s/Elon A. Pollack
                                      Elon A. Pollack

**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: THE HONORABLE LISA W. WANG, JUDGE

|  |  |  |
|---|---|---|
| INSPIRED VENTURES LLC, | x | Court No. 24-00062 |
| Plaintiff, | : |  |
| v. | : |  |
| UNITED STATES, | : |  |
| Defendant. | : |  |
| _____ | x |  |

# CERTIFICATE OF COMPLIANCE

Plaintiff Inspired Ventures LLC's Memorandum of Points and Authorities in support of its Opposition to Government's Motion to Dismiss complies with Chambers Procedures word limitation requirement of less than 7,000 words. According to the word processing system used to prepare the Memorandum in Support of Plaintiff's Opposition, there are 3,086 words contained in the Memorandum.

                                      Respectfully submitted,
                                      Stein Shostak Shostak Pollack & O'Hara, LLP

              By:  /s/ Elon A. Pollack
                     Elon A. Pollack, Esq.
                     Attorneys for Inspired Ventures, LLC
                     865 S. Figueroa St., Suite 1388
                     Los Angeles, CA 90017
                     (213) 630-8888
                     E-Mail: elon@steinshostak.com

Dated: June 10, 2024