UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE LISA W. WANG, JUDGE

| | |
|---|---|
| INSPIRED VENTURES LLC, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | :  Court No. 24-00062 |
| UNITED STATES, | : |
| | : |
| Defendant. | : |

---

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

---

                              BRIAN M. BOYNTON
                              Principal Deputy Assistant Attorney General

                              PATRICIA M. McCARTHY
                              Director

                              JUSTIN R. MILLER
                              Attorney-In-Charge
                              International Trade Field Office

Of Counsel:
ZACHARY SIMMONS            ALEXANDER VANDERWEIDE
Office of the Assistant Chief Counsel   Senior Trial Counsel
International Trade Litigation   NICO GURIAN
U.S. Customs and Border Protection   Trial Attorney
                              International Trade Field Office
                              Department of Justice, Civil Division
                              Commercial Litigation Branch
                              26 Federal Plaza, Room 346
                              New York, New York 10278
                              (212) 264-0482
                              Attorneys for Defendant

Dated: July 1, 2024

# TABLE OF CONTENTS

I.    The Provisions Of 19 U.S.C. § 1499(c) Do Not Apply To Plaintiff's Merchandise Because NHTSA, Not CBP, Was Responsible For Determining Its Admissibility ......................... 2

II.   CBP Properly Seized The Merchandise In Entry No. AVV-0053438-1 And Intends To Seize The Merchandise In Entry No. AVV-0053445-6 ....................................................... 9

    A.  CBP's Detention Notices ............................................................................................... 9

    B.  Communications With IVL's Broker And The Steps Taken By CBP To Effectuate NHTSA's Admissibility Determination ...................................................................... 11

    C.  Noticing The Seizure Of The Merchandise In Entry No. AVV-0053438-1 And Seizing The Merchandise In Entry No. AVV-0053445-6 ...................................................... 15

CONCLUSION ..................................................................................................................... 18

# TABLE OF AUTHORITIES

**<u>Cases</u>**

*Amidax Trading Grp. v. S.W.I.F.T. SCRL*,
   671 F.3d 140 (2d. Cir. 2011) ................................................................................... 6

*Andritz Sundwig GMBH v. United States*,
   322 F. Supp. 3d 1360 (Ct. Int'l Trade 2018) ........................................................... 4

*Blink Design, Inc. v. United States*,
   986 F. Supp. 2d 1348 (Ct. Int'l Trade 2014) ......................................................... 16

*BP America Production Co. v. Burton*,
   549 U.S. 84 (2006) .................................................................................................. 3

*CBB Group v. United States*,
   783 F. Supp. 2d 1248 (Ct. Int'l Trade 2011) ..................................................... 5, 16

*CDCOM (U.S.A.) Int'l Inc. v. United States*,
   963 F. Supp. 1214 (Ct. Int'l Trade 1997) .............................................................. 16

*Ctr. for Biological Diversity v. U.S. Int'l Dev. Fin. Corp.*,
  585 F. Supp. 3d 63 (D.D.C. 2022), *aff'd*,
  77 F.4th 679 (D.C. Cir. 2023) ................................................................................ 6

*H&H Wholesale Services, Inc. v. United States,*
  437 F. Supp. 2d 1335 (Ct. Int'l Trade 2006)................................................................ 15

*Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,*
  530 U.S. 1 (2000) .................................................................................................................... 3

*PRP Trading Corp. v. United States,*
  885 F. Supp. 2d 1312 (Ct. Int'l Trade 2012)................................................................ 16

*Rimco Inc. v. United States,*
  98 F.4th 1046 (Fed. Cir. 2024)........................................................................................... 8

*Root Sciences, LLC v. United States,*
  543 F. Supp. 3d 1358 (Ct. Int'l Trade 2021)..................................................... 15, 16

*Sebelius v. Cloer,*
  569 U.S. 369 (2013) ............................................................................................................... 3

*Sunpreme, Inc. v. United States,*
  946 F.3d 1300 (Fed. Cir. 2020)........................................................................................... 8

*Tempco Marketing v. United States,*
  957 F. Supp. 1276 (Ct. Int'l Trade 1997).................................................................... 16

## Statutes

7 U.S.C. § 8302(14) ........................................................................................................................ 3

7 U.S.C. § 8303(a)(1).................................................................................................................... 3

18 U.S.C. § 983 ............................................................................................................................... 17

18 U.S.C. § 983(a)(1)(A)(i) ...................................................................................................... 17

18 U.S.C. § 983(i)(2)(A) ............................................................................................................ 17

19 U.S.C. § 1499(c) ........................................................................................................... *passim*

19 U.S.C. § 1499(c)(2)................................................................................................................ 10

19 U.S.C. § 1499(c)(5)................................................................................................................ 13

19 U.S.C. § 1499(c)(5)(A) ................................................................................................. 1, 14

19 U.S.C. § 1499(c)(5)(B) ................................................................................................. 1, 14

19 U.S.C. § 1514(a) ............................................................................................................ 8, 9, 15

19 U.S.C. § 1595a(c)..................................................................................... 3

19 U.S.C. § 1595a(c)(2)................................................................................ 12

19 U.S.C. § 1595a(c)(2)(A) ..................................................................... 7, 8, 17

19 U.S.C. § 1608 ......................................................................................... 16

19 U.S.C. § 1618 ......................................................................................... 16

28 U.S.C. § 1356 ......................................................................................... 15

28 U.S.C. § 1581(a) ............................................................................ 1, 2, 8, 14

49 U.S.C. § 30112(a)(1)............................................................................... 5, 7

## Regulations

19 C.F.R. § 141.113(c)................................................................................... 3

19 C.F.R. § 162.43(a)................................................................................... 12

19 C.F.R. § 162.47 ....................................................................................... 16

19 C.F.R. § 162.92 ....................................................................................... 17

19 C.F.R. § 171.1 ......................................................................................... 16

49 C.F.R. § 571 ............................................................................................. 5

49 C.F.R. § 574.5 ........................................................................................ 5, 7

## Other Authorities

Civil Asset Forfeiture Reform Act of 2000 (CAFRA) ...................................... 17

Customs Informed Compliance and Modernization Act,
    PL 103–182, December 8, 1993, 107 Stat. 2057 ...................................... 4

H.R. REP. 103-361, 1, 1993 U.S.C.C.A.N. 2552, 1-2552............................. 4, 6, 7, 14

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE LISA W. WANG, JUDGE

_____
                                            :
INSPIRED VENTURES LLC,                      :
                                            :
                  Plaintiff,                :
                                            :
                        v.                  :
                                            :        Court No. 24-00062
UNITED STATES,                              :
                                            :
                  Defendant.                :
_____            :

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Defendant, United States, respectfully submits this memorandum in reply to plaintiff's, Inspired Ventures, LLC (plaintiff or IVL), response (ECF No. 12, Pl. Opp.) to our motion to dismiss (ECF No. 10, Def. Mot.).

As set forth in our moving papers, this Court does not have jurisdiction pursuant to 28 U.S.C. § 1581(a) over the two entries of rubber tires from China that IVL attempted to import into the United States, Entry Nos. AVV-0053438-1 and AVV-0053445-6, because the tires have not been excluded by operation of law under 19 U.S.C. § 1499(c)(5)(A) and IVL's protest was not deemed denied under 19 U.S.C. § 1499(c)(5)(B). The procedures and time-limits specified in section 1499(c) apply "[e]xcept in the case of merchandise with respect to which the determination of admissibility is vested in an agency other than the Customs Service…." 19 U.S.C. § 1499(c). We explained in our motion that section 1499(c)—and its mechanism that renders U.S. Customs and Border Protection's (CBP) inaction on detained merchandise a deemed exclusion over which this Court has jurisdiction—only applies where CBP is vested with determining the admissibility of the merchandise. By contrast, where another agency is vested

with the admissibility determination, section 1499(c) does not provide a mechanism for merchandise to become deemed excluded as a matter of law.

In our moving papers, we demonstrated that the U.S. Department of Transportation's (DOT) National Highway Transit Safety Administration (NHTSA), and not CBP, is the agency vested with determining whether imported motor vehicle equipment, including IVL's tires, comply with NHTSA's regulations and are therefore admissible.  NHTSA found IVL's tires to be noncompliant with its regulations and thus determined that the tires were subject to detention and/or seizure; thereafter, CBP took the necessary ministerial steps to effectuate NHTSA's determination.  Consequently, because the deemed exclusion procedures imposed by 19 U.S.C. § 1499(c) do not apply to IVL's entries, CBP did not render a protestable decision that could be challenged in this Court under 28 U.S.C. § 1581(a).

In response, IVL contends that the requirements of section 1499(c) apply to its entries because the "DOT does not have independent authority to make admissibility determinations." Pl. Opp. at 11.  And even if DOT had this authority, IVL argues that DOT/NHTSA only recommended detention and/or seizure of the subject tires, but CBP actually made the admissibility determination.  *Id*. at 10-12.  IVL's arguments do not reflect the circumstances of this case.

## I.     The Provisions Of 19 U.S.C. § 1499(c) Do Not Apply To Plaintiff's Merchandise Because NHTSA, Not CBP, Was Responsible For Determining Its Admissibility

The exception to 19 U.S.C. § 1499(c)'s provisions applies when an agency other than CBP is vested with determining the admissibility of merchandise.  The statute does not circumscribe the scope of "vested" agencies to those with independent detention and seizure authority, as IVL maintains.  Rather, as discussed in our moving papers and further below, IVL's view of the statute runs counter to its plain language, the pertinent legislative history, relevant

2

Court decisions, NHTSA's statutory mandate to monitor noncompliant imports of motor vehicle equipment, and 19 U.S.C. § 1595a(c), all of which contemplate that CBP may effectuate detentions and seizures on behalf of other agencies (here, NHTSA) that are vested with determining the admissibility of merchandise.

"As in any statutory construction case, '[w]e start, of course, with the statutory text,' and proceed from the understanding that '[u]nless otherwise defined, statutory terms are generally interpreted in accordance with their ordinary meaning.'" *Sebelius v. Cloer*, 569 U.S. 369, 376 (2013) (*quoting BP America Production Co. v. Burton*, 549 U.S. 84, 91 (2006)).  "We reiterate that 'when [a] statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'" *Id*. at 381 (*quoting Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000)) (additional internal quotation marks omitted).

The exception to 19 U.S.C. § 1499(c) plainly concerns an "agency other than the Customs Service" that is "vested" with "the determination of admissibility."  In effect, however, IVL limits this language to agencies with independent detention and seizure authority, particularly the U.S. Department of Agriculture (USDA) and Food and Drug Administration (FDA).  *See* Pl. Opp. at 11 (citing 19 C.F.R. § 141.113(c)); *see also, e.g.,* 7 U.S.C. § 8303(a)(1) ("With notice to the Secretary of the Treasury and public notice as soon as practicable, the Secretary [of Agriculture[1]] may prohibit or restrict—the importation or entry of any animal, article, or means of conveyance, or use of any means of conveyance or facility, if the Secretary determines that the prohibition or restriction is necessary to prevent the introduction into or dissemination within the United States of any pest or disease of livestock").

---

[1] *See* 7 U.S.C. § 8302(14) ("The term 'Secretary' means the Secretary of Agriculture.").

But the exception to section 1499(c) broadly applies to all agencies vested with determining the "admissibility" of merchandise, and is not limited to agencies that are specifically authorized to "detain," "seize," or otherwise restrict importation of merchandise.  Section 1499(c) thus recognizes that CBP may effectuate the admissibility determinations of any number of government agencies, not just that of the USDA and FDA.

The legislative history for 19 U.S.C. § 1499(c) echoes this conclusion, which IVL's narrow reading of the statute ignores.  In relevant part, that history states:

> The Committee recognizes that Customs often detains merchandise on behalf of other Government agencies and is not directly involved in the activities which result in the decision to admit or exclude the merchandise.  These agencies include the Food and Drug Administration (FDA) and the Department of Agriculture, **among others**.  This procedure providing recourse through the Court of International Trade would be reserved for admissibility determinations for which the Customs Service is responsible.

House Report accompanying the Customs Informed Compliance and Modernization Act, Pub. L. No. 103-182, 107 Stat. 2057 (Mod Act), H. R. Rep. No. 103–361 at 108–9, as reprinted in 1993 U.S.C.C.A.N., at 2662 (emphasis added) (House Report).  Congress did not except only the FDA and USDA from the requirements of 19 U.S.C. § 1499(c), as it specifically acknowledged that CBP may detain merchandise on behalf of a wider array of agencies.  The legislative history for section 1499(c) thus makes clear that CBP works with other agencies, including, but not limited to, those with independent detention and seizure authority.

As discussed in our moving papers, this premise was tacitly recognized in *Andritz Sundwig GMBH v. United States*, 322 F. Supp. 3d 1360 (Ct. Int'l Trade 2018) (*Andritz*).  Although not squarely concerning the application, or lack thereof, of 19 U.S.C. § 1499(c), the Court in *Andritz* reasoned that when CBP's actions or decisions are taken or made on behalf of other agencies and reflect those agencies' enforcement of non-customs laws and regulations for

4

which they have or share responsibility, CBP has not made a protestable decision that is reviewable by the Court. *Id.* at 1364. *See also CBB Group v. United States,* 783 F. Supp. 2d 1248, 1251 (Ct. Int'l Trade 2011) (assessing the Court's jurisdiction, in part, by inquiring, per 19 U.S.C. § 1499(c), whether CBP is the sole agency vested with determining the admissibility of the merchandise).

IVL fails to square, let alone discuss, its narrow interpretation of the exception to section 1499(c) with NHTSA's statutory mandate to ensure that automotive imports into the United States comply with all applicable Federal Motor Vehicle Safety Standards (FMVSS). Specifically, 49 U.S.C. § 30112(a)(1) states, in pertinent part, that:

> …a person may not manufacture for sale, sell, offer for sale, introduce or deliver for introduction in interstate commerce, or import into the United States, any motor vehicle or motor vehicle equipment manufactured on or after the date an applicable motor vehicle safety standard prescribed under this chapter takes effect unless the vehicle or equipment complies with the standard and is covered by a certification issued under section 30115 of this title.

These "applicable motor vehicle safety standard[s]" are the FMVSS, which are codified at 49 C.F.R. Part 571 *et seq.* Relevant to IVL's deficient tires, 49 C.F.R. § 574.5 sets forth the FMVSS for tire identification requirements, including the labels and contents of tire identification numbers (TIN). Thus empowered—and vested—by statute and regulation, NHTSA determined that IVL's imported tires were noncompliant with the agency's marking, labeling, and identification requirements under 49 C.F.R. § 574.5, and were thus subject to detention and/or seizure. *See* June 27, 2024 Updated Decl. of CBP Import Specialist (IS) Nancy Cain (Updated Cain Decl.), Attachment B (NHTSA Determinations).[2]

---

[2] The June 27, 2024 declaration of IS Cain updates IS Cain's declaration submitted with our motion to dismiss to include additional details in ¶ 10, discussed *infra* at 12. As a result of these additional details, the updated declaration now includes 12 paragraphs, not 11. The attachments

IVL contends that NHTSA merely provided its recommendation to seize IVL's tires, but ultimately CBP "is tasked to decide whether to exclude or seize the merchandise."  Pl. Opp. at 11.  In furtherance of this point, IVL quotes the following portion of the NHTSA Determinations: "NHTSA understands that the shipment of tires may be seized by CBP who has reasonable cause to believe that any law or regulation enforced by CBP has been violated.  NHTSA is of the opinion that CBP may seize or deny entry of the shipment of tires, and NHTSA would not be opposed to such an action."  *Id*. at 12; *see also* NHTSA Determinations.  IVL maintains that this scenario was specifically contemplated by Congress when it stated that the provisions and requirements of section 1499(c) would apply "in those cases where Customs has the responsibility and authority to determine the admissibility of the merchandise, and such procedures and remedies are agreed to by the other agency."  Pl. Opp. at 11; *see also* House Report at 2662.

IVL's contention ignores that NHTSA issued CBP written determinations on the admissibility of IVL's tires, *see* NHTSA Determinations, and CBP effectuated the determinations by detaining and/or seizing the entries.  NHTSA itself cannot physically detain or seize IVL's tires *or any merchandise* imported into the United States; only CBP can do so.  But it does not follow that when CBP detains or seizes merchandise on behalf of, or based upon, another agency's determination of admissibility in the first instance, that CBP is also vested with determining the admissibility of the merchandise.

---

to the updated declaration are the same as those included with the initial declaration, with any Personal Identifiable Information (PII) and/or Business Confidential Information (BCI) redacted from the attachments.  As explained in our moving papers, Def. Mot. at 7, "[w]hen reviewing a challenge under Rule 12(b)(1), 'the court may consider documents outside the pleadings to assure itself that it has jurisdiction.'"  *Ctr. for Biological Diversity v. U.S. Int'l Dev. Fin. Corp.*, 585 F. Supp. 3d 63, 69 (D.D.C. 2022), *aff'd*, 77 F.4th 679 (D.C. Cir. 2023) (citation omitted); *see also Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d. Cir. 2011).

This nuance is reflected in the mechanics of 19 U.S.C. § 1595a(c)(2)(A), which states that merchandise "may be seized and forfeited if—(A) its importation or entry is subject to any restriction or prohibition which is imposed by law relating to health, safety, or conservation and the merchandise is not in compliance with the applicable rule, regulation, or statute[.]"  19 U.S.C. § 1595a(c)(2)(A).  Section 1595a(c)(2)(A) thus authorizes CBP to seize goods that are subject to import restrictions "relating to health, safety, or conservation" imposed under the authority of another agency—such as 49 U.S.C. § 30112(a)(1) or the Federal Motor Vehicle Safety Standards here—and the goods are noncompliant with the "applicable rule, regulation, or statute"—such as IVL's tires in light of 49 C.F.R. § 574.5 and the FMVSS, as determined by NHTSA.  Thus, section 1499(c) (regarding detentions) and section 1595a(c)(2)(A) (regarding seizures) operate in tandem for other agencies to make admissibility determinations that fall within their purview and for CBP to act on behalf of those other agencies, through detention and seizure.  In this instance, NHTSA first determined that IVL's tires were not in compliance with its regulatory safety requirements for the importation of motor vehicle equipment, and based upon this admissibility determination, section 1595a(c)(2)(A) authorized CBP to effect the seizure of IVL's tires.

The portion of the House Report cited by IVL, Pl. Opp. at 11, describes a scenario where CBP has full responsibility for determining the admissibility of the merchandise, and another agency simply "agree[s]" to the procedures and remedies provided under 19 U.S.C. § 1499(c), i.e., the exclusion of the merchandise (deemed or otherwise), the opportunity to protest the exclusion, and if denied (deemed or otherwise), the means to challenge that denial before this Court.  But that is not what happened here.

Here, NHTSA, and not CBP, took responsibility for determining that IVL's tires did not

comply with the applicable automotive safety regulations, and CBP relied on that admissibility determination when detaining and seizing the tires.  *See* Updated Cain Decl. at ¶ 8 ("…because the NHTSA is the U.S. Government agency responsible for administering the Federal Motor Vehicle Safety Standards ("FMVSS"), I deferred to their regulatory expertise to determine whether or not the tires complied with U.S. law and were admissible."); *id*. at ¶ 9 ("The NHTSA determined that the tires contained in the entries failed to comply with provisions of the FMVSS."); *id*. at ¶ 10 ("Based on the admissibility determinations provided by the NHTSA, I recommended that the Port seize the tires in both entries on December 21, 2023."); Attachment A to Updated Cain Decl. (Form 6051D Receipts) (where the informational fields for "Held for other agency?" and "Name of Agency" in Box 1 for IVL's entries are both checked "Yes," and the other agency is "DEPARTMENT OF TRANSPORTATION").  This sequence of events, which is expounded upon further, *infra* at 11-12, reflects that NHTSA determined the admissibility of IVL's tires and CBP effectuated that determination by detaining and/or seizing the merchandise pursuant to 19 U.S.C. § 1595a(c)(2)(A).

Accordingly, the provisions of 19 U.S.C. § 1499(c) do not apply to IVL's entries because by detaining and/or seizing the merchandise in the entries CBP ministerially[3] executed the admissibility determination that was vested with and made by NHTSA.  Consequently, IVL's entries have not been deemed excluded by operation of law, no protestable decision has occurred

---

[3] *See, e.g., Supreme, Inc. v. United States*, 946 F.3d 1300, 1320 (Fed. Cir. 2020) ("The term 'ministerial' often is used to contrast the presence of certain kinds of discretion or judgment.") (citations omitted); *Rimco Inc. v. United States*, 98 F.4th 1046, 1052 (Fed. Cir. 2024) ("when Customs' role is purely ministerial, liquidation of entries subject to AD and CVD orders is not a decision under § 1514(a).  A protestable decision under § 1514(a) requires Customs to have engage[d] in some sort of decision-making process.") (cleaned up, citations omitted).

here, and the Court does not have subject matter jurisdiction over this case under 28 U.S.C. § 1581(a).

## II.    CBP Properly Seized The Merchandise In Entry No. AVV-0053438-1 And Intends To Seize The Merchandise In Entry No. AVV-0053445-6

In our motion to dismiss, we explained that the Court lacks jurisdiction over Entry No. AVV-0053438-1, the merchandise of which was seized by CBP on February 22, 2024, for the additional reason that seizures are not protestable actions under 19 U.S.C. § 1514(a), and thus are not appealable to this Court.

IVL advances a number of contentions challenging CBP's processing of the seizure, including the issuance of the detention notices for the entries, CBP's communications with plaintiff's broker and the steps required to effect NHTSA's admissibility determination, and the timing of CBP's actions.  Yet having established that the Court does not have jurisdiction over the entries because no protestable deemed exclusions have occurred, IVL's contentions are irrelevant to the disposition of this action.  Nonetheless, we address IVL's contentions below, and we also advise the Court and IVL as to the future action CBP intends to take on the merchandise in Entry Nos. AVV-0053438-1 and AVV-0053445-6.

### A.    CBP's Detention Notices

IVL contends that it "never received detention notices from CBP," but that on January 22, 2024, IVL "learned from the examination warehouse, not Customs, that the entries were under Customs Headquarters review."  Pl. Opp. at 2.  The detention notice and custody receipt (Form 6051D) for Entry No. AVV-0053445-6 was in fact transmitted by CBP via email to IVL's broker on December 21, 2023 and again on January 5, 2024.  *See* CBP Emails[4]; *see also* Form

---

[4] We note that the attachment to these emails is the Form 6051D Receipt for Entry No. AVV-0053445-6, included with Attachment A to the Updated Cain Decl. with any PII or BCI redacted.

6051D Receipts.  However, we believe that the Form 6051D for Entry No. AVV-0053438-1 was not transmitted.  *See* Form 6051D Receipts.

In any event, CBP was under no obligation here to transmit the notices to IVL under a particular timeframe.  The statutory timeline for issuing notices of detention (5 days, excluding weekends and holidays, from the date of the decision to detain) applies only when CBP detains merchandise pursuant to its own regulations, and not when another agency is vested with determining the admissibility of the merchandise.  *See* 19 U.S.C. § 1499(c)(2).  As discussed above and in our moving papers, because NHTSA and not CBP was vested with determining the admissibility of IVL's tires, CBP was under no statutory time limit to issue the detention notices. There is good reason for such.  If CBP was bound in circumstances such as these by the timetables set forth in section 1499(c), including those concerning notice of detention, imported merchandise could become deemed excluded by operation of law while CBP awaits the responsible agency's determination of the merchandise's admissibility.  Because 19 U.S.C. § 1499(c) did not apply here, CBP did not violate the provision's notice requirements with respect to the merchandise in Entry No. AVV-0053438-1.

Notwithstanding the fact that CBP did not violate any statute or regulation here, IVL neglects to articulate how CBP's issuance of the notice of detention (Entry No. AVV-0053445-6) or lack thereof (Entry No. AVV-0053438-1) materially alters the assessment of the Court's jurisdiction or has resulted in any tangible harm.  Indeed, because IVL physically presented the merchandise in both entries for CBP's examination on December 7, 2023, *see* Updated Cain Decl. at ¶ 4, IVL would have been (or should have been) aware that its entries were subject to admissibility review no later than that date.

**B.      Communications With IVL's Broker And The Steps Taken By CBP To Effectuate NHTSA's Admissibility Determination**

IVL takes issue with CBP's communications with IVL's broker.  IVL states: "Yet, on January 8th, almost three weeks after receiving DOT's feedback and making the seizure recommendation, IS Cain instructed Plaintiff's broker to deposit approximately $30,000 in antidumping duties."  Pl. Opp. at 4; *see also id.* at 9 ("CBP communicated with Plaintiff's broker on January 8, 2024, instructing him to refile the entries and deposit $30,000 in antidumping duties.").  According to IVL, "[t]his communication led the Plaintiff to believe that its merchandise is admissible and would be released for consumption" and that "CBP misled Plaintiff that the tires would be released."  *Id*. at 9.  Setting aside the fact that these communications have no bearing on the Court's jurisdiction or lack thereof, IVL's assumption misunderstands the context and timing of CBP's communications with IVL's broker.

As recounted in our moving papers, Def. Mot. at 4, IVL's entries were initially filed on November 29, 2023, but CBP rejected the entry papers.  Following email communications between CBP and IVL's broker and attorney about the entry summary information initially submitted, CBP requested additional documentation regarding the merchandise in the entries, as well as revised entry summary information and cash deposits of applicable antidumping and countervailing duties (AD/CVD).  IVL submitted the requested information and paid AD/CVD cash deposits for Entry No. AVV-0053438-1 on January 8, 2024, but AD/CVD cash deposits for Entry No. AVV-0053445-6 were never paid.

Between the time IVL filed its initial and revised entry papers, as detailed in our moving papers, Def. Mot. at 4-5, and in the Updated Cain Decl., the following actions transpired at the administrative level: CBP placed the entries on hold (November 30, 2023); IVL presented the merchandise for CBP's examination (December 7, 2023); CBP examined the merchandise

(December 8, 2023); the entries were recommended by IS Cain to the Port of Los Angeles to be

detained (December 11, 2023); detention notices were generated by the Port for the entries

(December 13 and 14, 2023); IS Cain sought NHTSA's admissibility determination on the

merchandise in the entries (December 11 and 20, 2023); NHTSA determined that the tires in

IVL's entries were noncompliant with the governing FMVSS and thus subject to detention

and/or seizure (December 21, 2023); and based on this determination, IS Cain recommended that

the Port seize the entries (December 21, 2023).

Additionally, following the receipt of the requested information that IVL provided to

CBP on January 8, 2024, on January 10, 2024, IS Cain formally submitted to the Port an

appraisal of the domestic value of IVL's tires, the laws that IVL's tires violated and formed the

basis for the seizure (here, NHTSA's regulations), and the legal authority for the Port to seize the

merchandise in the entries (here, 19 U.S.C. § 1595a(c)(2)).  Updated Cain Decl. at ¶ 10.  Given

the domestic value of the tires,[5] the Port, following review of IS Cain's recommendation and

formal submissions, transmitted a request for CBP Headquarters (HQ) to approve the seizure of

Entry No. AVV-0053438-1 on January 30, 2024 and of Entry No. AVV-0053445-6 on January

---

[5] IVL contests CBP's appraisal of the domestic value of the tires.  *See* Pl. Opp. at 13
("Furthermore, the entered value for each of the two shipments is less than $30,000, and
Customs conveniently redacted the estimated domestic value on the Custody Receipt it submitted
with its Motion to Dismiss.  See Declaration of Import Specialist Nancy Cain, Attachment C.
Therefore, neither Plaintiff nor the Court knows whether the claimed appraised domestic value is
accurate or exceeds $100,000.").  IVL is correct that the value of the tires declared by IVL was
less than $30,000 for each of the two subject entries.  But the domestic value of the merchandise,
as appraised by CBP, not as declared by the importer, determines whether CBP HQ must
approve the seizure.  *See* 19 C.F.R. § 162.43(a).  IVL implies that CBP acted with an ulterior
motive in redacting the domestic value of the tires in Attachment C to the Updated Cain Decl.
(Form 6051S custody receipt for Entry No. AVV-0053438-1).  Not so.  It did so to protect the
disclosure of IVL's BCI.  The United States has no objection to providing this information
without redaction.

26, 2024.  *Id*.  CBP HQ approved the seizure of Entry No. AVV-0053438-1 on February 16, 2024, and of Entry No. AVV-0053445-6 on March 25, 2024.  *Id*. at ¶¶ 11-12.

Thus, given the necessary administrative steps required for NHTSA to determine the admissibility of the tires and for CBP to formally approve the seizures in accordance thereof, IVL's entries had yet to be approved for seizure by January 8, 2024—the date IVL focuses on in its response to our moving papers.  It was therefore appropriate at that time for CBP to continue to advise IVL to revise its entry summary information to accurately reflect the applicability of the relevant AD/CVD orders to its merchandise, and to make the appropriate cash deposits.  CBP cannot overlook deficient entry papers and forego duties owed even though an administrative process to seize was underway.  IVL's assertion that CBP misled IVL by requiring payment of AD/CVD cash deposits is further undermined by IVL failing to make such payment for Entry No. AVV-0053445-6.

Similar to its misunderstanding of CBP's request for IVL to submit revised and accurate entry information, IVL argues that "assuming, arguendo, that DOT is the agency responsible for making the [admissibility] determination, CBP cannot show that it had good cause (or any plausible explanation) to not act on DOT's findings within 60 days of receipt of DOT's advice."  Pl. Opp. at 10-11.  As detailed above, this assertion is incorrect.  Almost immediately following NHTSA's admissibility determination, CBP commenced the required internal steps to effectuate the seizure of IVL's inadmissible merchandise.

Moreover, IVL implies that CBP was under a 60-day timeline to seize the tires following NHTSA's admissibility determination based upon the mechanics of section 1499(c)(5).  *See* Pl. Opp. at 1, 4, 6-8, 11.  But no such timeline is required here by statute or other applicable provision of law.  As explained in our moving papers and above, the timing requirements of

section 1499(c)[6] do not apply "…in the case of merchandise with respect to which the determination of admissibility is vested in an agency other than the Customs Service…." 19 U.S.C. § 1499(c). Because CBP was not responsible for determining the admissibility of IVL's tires—NHTSA took responsibility for that determination—the provisions of section 1499(c) do not apply to IVL's entries, and CBP was not under a 60-day timeline to seize the tires lest they become deemed excluded.

Relatedly, IVL contends that we failed to immediately notify the Court of the decisions taken on IVL's entries. *See* Pl. Opp. at 10. In purported support of this contention, IVL cites to the House Report at 2660. *See id.* ("Once an action has commenced before the CIT, the Customs Service shall immediately notify the Court if a decision to release, exclude or seize has been reached."). Not so. First, as a threshold matter, CBP seized Entry No. AVV-0053438-1 on February 22, 2024, which notably occurred well before IVL's commencement of this suit on March 12, 2024. So the legislative history cited by IVL is inoperable. Regardless, IVL's argument has no basis in the facts. After gathering the relevant information pertaining to the administrative actions taken on IVL's entries, as detailed above, we promptly notified the Court and IVL through our motion to dismiss that the merchandise in Entry No. AVV-0053438-1 had been seized by CBP on February 22, 2024.

---

[6] Recall the referenced timing requirements—under section 1499(c), if CBP does not make a final determination as to the admissibility of detained merchandise within 30 days after the merchandise has been presented for examination, CBP's inaction shall be treated as a protestable decision by CBP to exclude the merchandise. 19 U.S.C. § 1499(c)(5)(A). And if a protest is filed to challenge that alleged exclusion, CBP then has 30 days to decide the protest, or the protest shall be treated as denied for purposes of the Court's jurisdiction, and the protestant may file an action with the Court under the jurisdictional provision of 28 U.S.C. § 1581(a). 19 U.S.C. § 1499(c)(5)(B).

C.    **Noticing The Seizure Of The Merchandise In Entry No. AVV-0053438-1 And Seizing The Merchandise In Entry No. AVV-0053445-6**

In our motion to dismiss, we noted that although CBP seized the merchandise in Entry No. AVV-0053438-1 on February 22, 2024, CBP had yet to issue the notice of seizure for the entry.  Def. Mot. at 2, fn. 1.  With respect to Entry No. AVV-0053445-6, CBP HQ formally approved the seizure of the merchandise on March 25, 2024.  Updated Cain Decl. at ¶ 12.  As explained in the Updated Cain Decl. and in our moving papers, CBP has not noticed the seizure of the merchandise in Entry No. AVV-0053438-1 nor has it seized the merchandise in Entry No. AVV-0053445-6 because IVL commenced this action on March 12, 2024.  In an abundance of caution, to date, CBP has not taken any administrative action on the entries once IVL filed suit.

However, as IVL fairly pointed out in its response, pausing all administrative action on IVL's entries presents the following problem:

> To date, Plaintiff still has not received a Notice of Seizure for Entry 1.  To the point, Customs admits it has not issued a Notice of Seizure.  As such, Customs has not provided Plaintiff with any mechanism to challenge Customs' failure to release its goods (*i.e.*, filing an administrative petition for relief or requesting immediate forfeiture proceedings) other than to challenge the deemed exclusion.

Pl. Opp. at 9-10.  As IVL notes, "detentions that result in a seizure are not protestable nor appealable to this court." *Id*. at 6.  *See also Root Sciences, LLC v. United States*, 543 F. Supp. 3d 1358, 1361 (Ct. Int'l Trade 2021) (citation omitted) ("Seizures, unlike exclusions, are not protestable decisions under 19 U.S.C. § 1514(a), and are not appealable to this court.").

We agree.  As explained in our motion to dismiss, CBP's seizure of goods is reviewable by the federal district court in the district in which the merchandise is located.  *See* 28 U.S.C. § 1356; *see also H&H Wholesale Services, Inc. v. United States*, 437 F. Supp. 2d 1335, 1340 (Ct. Int'l Trade 2006).  "To obtain relief from seizure, the importer may file an administrative

petition pursuant to 19 U.S.C. § 1618 and 19 C.F.R. § 171.1; or file a claim pursuant to 19 U.S.C. § 1608 and 19 C.F.R. § 162.47, for referral to the U.S. attorney for the district in which the seizure was made, who shall then institute forfeiture proceedings." *Root Sciences,* 543 F. Supp. 3d at 1362.

Here, CBP seized the merchandise in Entry No. AVV-0053438-1 on February 22, 2024. Updated Cain Decl. at ¶ 11. As this Court has ruled on multiple occasions, the date of the actual seizure is the legally effective date of the seizure. *See Root Sciences*, 543 F. Supp. 3d at 1369; *Tempco Marketing v. United States*, 957 F. Supp. 1276, 1279 (Ct. Int'l Trade 1997); *PRP Trading Corp. v. United States*, 885 F. Supp. 2d 1312, 1313-14 (Ct. Int'l Trade 2012); *CDCOM (U.S.A.) Int'l Inc. v. United States*, 963 F. Supp. 1214, 1217 (Ct. Int'l Trade 1997); *but cf. CBB Group*, 783 F. Supp. 2d at 1255, n. 3; *Blink Design, Inc. v. United States,* 986 F. Supp. 2d 1348, 1356-57 (Ct. Int'l Trade 2014) (noting that "case law appears unsettled on whether the court should consider the date that Customs issued a Notice of Seizure or the date a party received the Notice of Seizure to determine whether an entry was deemed excluded prior to seizure.")

Consequently, regardless of the outcome of the central dispute presented by IVL's suit— whether or not IVL's tires were deemed excluded as a matter of law, resulting in a protestable decision by CBP that may be challenged before this Court—CBP has seized the tires in Entry No. AVV-0053438-1, and that seizure may only be challenged administratively and/or in the district court in which the seizure was made. Therefore, so that IVL may pursue its available remedies to challenge the seizure, we hereby notify the parties and the Court that CBP will issue the notice of seizure for the merchandise in Entry No. AVV-0053438-1 no sooner than 30 days following the date of this reply brief.

IVL asserts that "[u]nder 19 C.F.R.162.92, 'in no case may notice be sent more than 60 calendar days after the date of seizure.' If Customs seized the merchandise on February 22nd it has failed to comply with the 60-day requirement in this regulation as well." Pl. Opp. at 8-9. IVL is wrong, as 19 C.F.R. § 162.92 does not apply to the seizure here.

19 C.F.R. § 162.92 was promulgated pursuant to the Civil Asset Forfeiture Reform Act of 2000 (CAFRA). *See* 18 U.S.C. § 983. CAFRA requires that, with limited exceptions, "in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the Government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure." 18 U.S.C. § 983(a)(1)(A)(i). However, CAFRA specifically exempts from the definition of "civil forfeiture statute" the "the Tariff Act of 1930 or any other provision of law codified in title 19[.]" 18 U.S.C. § 983(i)(2)(A). As discussed above and in our moving papers, CBP's seized IVL's tires pursuant to 19 U.S.C. § 1595a(c)(2)(A), which relates to imported merchandise that is subject to and not in compliance with any "any restriction or prohibition which is imposed by law relating to health, safety, or conservation." Accordingly, the requirements of 19 C.F.R. § 162.92 are not applicable in this case, and CBP was under no obligation to notice the seizure of Entry No. AVV-0053438-1 within 60 days of its seizure.

Finally, we hereby notify the parties and the Court that CBP will seize the merchandise in Entry No. AVV-0053445-6 no sooner than 30 days following the date of this reply brief. IVL identifies no legal bar—nor are we aware of one—to CBP completing this seizure. Because the merchandise in the entry has not been deemed excluded, and because CBP has formally approved the seizure to effectuate NHTSA's determination that the tires in the entry are inadmissible, CBP is permitted to seize the merchandise pursuant to 19 U.S.C. § 1595a(c)(2)(A).

Moreover, by seizing the merchandise in the entry, and issuing notice thereof, IVL will be able to pursue administrative and judicial recourse, as detailed above.

## **<u>CONCLUSION</u>**

For these reasons, we respectfully request that the Court grant our motion to dismiss.

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:    <u>/s/ Justin R. Miller</u>
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

Of Counsel:                          <u>/s/ Alexander Vanderweide</u>
ZACHARY SIMMONS                       ALEXANDER VANDERWEIDE
Office of the Assistant Chief Counsel  Senior Trial Counsel
International Trade Litigation          NICO GURIAN
U.S. Customs and Border Protection     Trial Attorney
                                       International Trade Field Office
                                       Department of Justice, Civil Division
                                       Commercial Litigation Branch
                                       26 Federal Plaza, Room 346
                                       New York, New York 10278
                                       (212) 264-0482
                                       Attorneys for Defendant

July 1, 2024

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE LISA W. WANG, JUDGE

| | | |
|---|---|---|
| _____ | : | |
| INSPIRED VENTURES LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Court No. 24-00062 |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## <u>CERTIFICATE OF COMPLIANCE PURSUANT TO USCIT<br>STANDARD CHAMBER PROCEDURE 2(B)</u>

I, Alexander Vanderweide, a Senior Trial Counsel in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing reply brief, relying upon the word count feature of the word processing program used to prepare this brief, certify that this reply brief complies with the type-volume limitation under USCIT Standard Chamber Procedure 2(B) and contains 5598 words.

<u>/s/ Alexander Vanderweide</u>