UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE LISA W. WANG, JUDGE

|  |  |  |
|---|---|---|
| INSPIRED VENTURES, LLC | x : | |
| Plaintiff, | : : | |
| v. | : : | Court No. 24-00062 |
| UNITED STATES, | : : | |
| Defendant. | : : | |
| _____ | x | |

## PLAINTIFF'S MOTION FOR REFERRAL
## TO COURT-ANNEXED MEDIATION

Pursuant to U.S.C.I.T. Rules 7 and 16.1 and the Guidelines for Court-Annexed Mediation, Plaintiff, Inspired Ventures, Inc., hereby moves this Court to refer the above-captioned case for court-annexed mediation.

Pursuant to the Court's minute order of April 21, 2025, for the reasons set forth below, Plaintiff offers that a court-appointed mediator can facilitate an expeditious resolution to this litigation. Plaintiff believes this matter is ripe for settlement based on the Government's concession that Plaintiff will prevail in this exclusion case but alludes that it will still detain Plaintiff's tires no matter the Court's decision. Mediation of this case could obviate the need and expense of protracted litigation on an issue not before the Court at this time.

1

In the case at bar, Plaintiff narrowly seeks the release of detained tires. The Government concedes that Plaintiff is entitled to the relief it seeks because Customs admittedly erred in detaining the tires, and the tires are properly marked and admissible. Tacitly, the Government concedes that Plaintiff will be a "prevailing party." Further, the Government's litigation position in this case, namely that the tires were not properly marked, was not substantially justified so Plaintiff is eligible for its legal fees and costs.

As noted above, after more than one year since Plaintiff filed its entries, the Government now posits, for the first time, that Plaintiff must file "live entries" and deposit approximately triple additional duties and AD/CVD to "secure" the release of its tires. Notably, this valuation issue is <u>not</u> before the Court. Rather the Government apparently asserts this position to delay and/or potentially thwart this Court's inevitable decision to order the release of Plaintiff's tires. Plaintiff's position is that the Government's continued refusal to release the tires even after conceding Customs wrongfully detained them in the first place operates as a continued taking of Plaintiff's property.

To resolve this valuation side-issue expeditiously and avoid any action that undermines this Court's likely order of release, mediation is needed. In Plaintiff's opinion, this is a technical question particular to this case, though tangential to the exclusion issue before the Court, that is unlikely to have wider implications, so

2

mediation is the best vehicle to resolve this issue. United States v. Tenacious Holdings, Inc., 6 F. Supp. 3d 1374, 1378 (Ct. Int'l Trade 2014) (ordering court-annexed mediation over the Government's opposition because the benefits outweigh the risks, and potential a resolution is "unlikely to impact future cases"). Considering the Government's concessions, it appears that it is the client (*i.e.*, Customs), not Government counsel, that may be pressing its untenable litigation position. Through court-annexed mediation, utilizing a structured conversation to understand the needs and interests of the parties, both parties' views and perceptions could be transformed so that they are willing to reach a compromise and conclude the litigation. As mediation is a confidential process, it will allow for candor and honesty to prevail. In mediation, both parties will be loath to act in bad faith before this Court.

In a confidential proceeding, the Government will be able to have the opportunity to express its underlying concerns and receive the responsive input from an impartial third party. A court-annexed mediator would help the parties navigate the technical entry procedures and valuation issues underlying the dispute, which are not before this Court. Unlike litigation, mediation gives each side the opportunity to resolve such indirect disputes, end the litigation, and avoid further proceedings which could extend the case for years.

Based on the forgoing, we move the Court for court-annexed mediation, which will give the parties an opportunity to use creativity to fashion a result that,

while likely not everything either party wants, nonetheless allows the parties to mutually design the outcome rather than having it imposed on them by a court. In mediation, the parties can speak freely and meet each other's needs and interests, an opportunity not available in litigation. Given the narrowness of the dispute, we are confident that an unbiased mediator can help foster such a compromise in this case. See Tenacious Holdings, 6 F. Supp. 3d at 1378.

On April 24, 2025, we requested that the Government agree to the relief requested in this motion. On April 25, 2025, DOJ Trial Attorney Alex Vanderweide responded that the Government does not consent to this motion and will file a response.

WHEREFORE, based upon the forgoing reasons, Plaintiff hereby requests this Court to refer this matter to mediation under U.S.C.I.T. Rule 16.1.

Dated: April 25, 2025                Respectfully submitted,

                                            STEIN SHOSTAK SHOSTAK POLLACK
                                            & O'HARA, LLP

                                            By: _/s/ Elon A. Pollack_____
                                                  CHRISTOPHER J. DUNCAN, ESQ.
                                                  ELON A. POLLACK, ESQ.
                                                  Attorneys for Inspired Ventures, Inc.
                                                  445 S. Figueroa Street, Suite 2388
                                                  Los Angeles, California 90071
                                                  Telephone: 213-630-8888