UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE LISA W. WANG, JUDGE

| | |
|---|---|
| INSPIRED VENTURES LLC, | : |
| Plaintiff, | : |
| v. | : Court No. 24-00062 |
| UNITED STATES, | : |
| Defendant. | : |

# ORDER

Upon reading plaintiff's motion for referral to court-annexed mediation; defendant's response in opposition thereto; upon consideration of other papers and proceedings had herein; and upon due deliberation, it is hereby

ORDERED that plaintiff's motion be, and hereby is, denied.

_____
Judge

Dated: New York, New York
This day _____ of _____, 2025.

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE LISA W. WANG, JUDGE

|  |  |  |
|---|---|---|
| INSPIRED VENTURES LLC, | : | |
| Plaintiff, | : | |
| v. | : | Court No. 24-00062 |
| UNITED STATES, | : | |
| Defendant. | : | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR REFERRAL TO COURT-ANNEXED MEDIATION**

The United States (Government), defendant, hereby responds in opposition to plaintiff's, Inspired Ventures LLC (Inspired), motion for referral to court-annexed mediation. ECF No. 32 (Pl. Mot.). For the reasons set forth below, Inspired's motion should be denied.

USCIT Rule 16.1 provides, in relevant part, that "[a]t any time during the pendency of an action before the United States Court of International Trade, any judge or three-judge panel of the court may refer the action for mediation." As this Court has noted, "[n]either the consent of the parties nor a motion is required for referral to mediation; instead, CIT judges have broad authority to make a mediation referral '[a]t any time during the pendency of an action.'" *United States v. Tenacious Holdings, Inc.*, 6 F. Supp. 3d 1374, 1377 (Ct. Int'l Trade 2014) (quoting USCIT R. 16.1) (*Tenacious*). "However, court annexed mediation, particularly if contested, is not a tool that is frequently employed in this court." *Sigma-Tau Healthscience, Inc. v. United States*, 28 F. Supp. 3d 1315, 1316 (Ct. Int'l Trade 2014) (*Sigma-Tau*).

In *Tenacious*, which Inspired cites in support of its motion, the Court granted defendant's motion to refer the case to court-annexed mediation over the objection of the Government in a

penalty action. In granting the motion, the Court reasoned that "mediation is more likely to be successful given that the amount in dispute here is relatively low and the tariff provision at issue is no longer in effect and therefore resolution of this case is unlikely to impact future cases." *Tenacious Holdings*, 6 F. Supp. 3d at 1378. But as the Court in *Sigma-Tau* acknowledged, "*Tenacious* involves a rare set of circumstances, none of which are present in this case, and therefore the same reasoning does not apply here." *Sigma-Tau*, 28 F. Supp. 3d at 1316. In contrast to *Tenacious*, the Court in *Sigma-Tau* denied plaintiff's motion for referral to court-annexed mediation, agreeing with the Government that the "issues before the Court are purely legal in nature and thus a decision on the merits in this case is necessary to resolve the dispute over classification of Sigma-Tau's present and future importations of subject merchandise." *Id*. (internal quotations and citations omitted).

Like in *Sigma-Tau*, the dispute between Inspired and the Government is legal in nature, and is therefore, not amenable to mediation. In the case at hand, Inspired seeks the release of its merchandise, and the parties agree that the merchandise is admissible with respect to the tire identification number. Yet Inspired incorrectly maintains that the Government continues to refuse its release. Pl. Mot. at 2. This is not so. The Government is prepared to release the merchandise and, to that end, has engaged Inspired—both in confidential settlement discussions and in a status conference call with the Court—concerning the legal requirements that must be followed prior to the release of the merchandise, specifically, the payment of all duties, taxes, and fees on the correct value of the merchandise or the procurement of a single transaction bond to cover these amounts.

As Inspired acknowledges in its motion, "this valuation issue is not before the Court." Pl.

2

Mot. at 2 (emphasis omitted); *see also id.* at 3 ("A court-annexed mediator would help the parties navigate the technical entry procedures and valuation issues underlying the dispute, which are not before this Court.") (emphasis omitted). Yet Inspired does not articulate under what basis this Court, or a court-annexed mediator, may entertain jurisdiction over "entry procedures and valuation issues" that are admittedly not before the Court in this case, but are instead within CBP's purview to administer and render a determination in the first instance. Inspired should not be permitted to use court-annexed mediation as a means to bypass the entry requirements of the merchandise it is seeking to have CBP release. *See* ECF No. 30, Joint Status Report, dated April 17, 2025, at 4-8 for a discussion of those requirements and relevant authorities.

Rather, this case should be dismissed and Inspired should comply with the applicable entry requirements. Then, should it wish to challenge the issues of valuation or CBP's assessment of duties, it may do so through the routine administrative protest remedy. Court-annexed mediation is not the appropriate avenue for Inspired to challenge CBP's assessment and collection of duties on its merchandise.

For the reasons set forth above, the Court should deny Inspired's motion for referral to court-annexed mediation.

WHEREFORE, the Government respectfully requests that plaintiff's motion is denied.

    Respectfully submitted,

    YAAKOV M. ROTH
    Acting Assistant Attorney General

    PATRICIA M. McCARTHY
    Director

By:    /s/ Justin R. Miller
    JUSTIN R. MILLER

3

|  |  |
|---|---|
|  | Attorney-In-Charge<br>International Trade Field Office<br><br>/s/ Alexander Vanderweide<br>ALEXANDER VANDERWEIDE<br>Senior Trial Counsel |
| Of Counsel:<br>ZACHARY SIMMONS<br>Office of the Assistant Chief Counsel<br>International Trade Litigation<br>U.S. Customs and Border Protection | /s/ Nico Gurian<br>NICO GURIAN<br>Trial Attorney<br>International Trade Field Office<br>Department of Justice, Civil Division<br>Commercial Litigation Branch<br>26 Federal Plaza, Room 346<br>New York, New York 10278<br>(212) 264-0482<br>Attorneys for Defendant |
| DATED: May 9, 2025 |  |