**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| INSPIRED VENTURES, LLC, <br><br>        Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br>        Defendant. | Before: Lisa W. Wang, Judge <br><br> Court No. 24-00062 |

<u>**MEMORANDUM AND ORDER**</u>

[Granting Plaintiff's motion for referral to court-annexed mediation.]

Dated: May 19, 2025

<u>Elon A. Pollack</u>, Stein Shostak Shostak Pollack & O'Hara, LLP, of Los Angeles, CA, for Plaintiff Inspired Ventures, LLC. With him on the brief was <u>Christopher J. Duncan</u>.

<u>Alexander J. Vanderweide</u>, Senior Trial Counsel, Civil Division, U.S. Department of Justice, of New York, NY, for Defendant United States. With him on the brief were <u>Yaakov M. Roth</u>, Acting Assistant Attorney General, <u>Patricia M. McCarthy</u>, Director, <u>Justin R. Miller</u>, Attorney-In-Charge, and <u>Nico Gurian</u>, Trial Attorney. Of counsel on the brief was <u>Zachary S. Simmons</u>, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection.

Wang, Judge: Before the court is Plaintiff Inspired Ventures, LLC's ("Inspired")

motion for referral to court-annexed mediation. Pl.'s Mot. for Referral to Ct.-Annexed

Mediation ("Pl.'s Mot."), ECF No. 32. Defendant United States ("government") opposes

the motion. Def.'s Resp. to Pl.'s Mot. for Referral to Ct.-Annexed Mediation ("Def.'s

Resp."), ECF No. 33. For the following reasons, Plaintiff's motion is granted.

**BACKGROUND**

On March 12, 2024, Plaintiff brought this action against the U.S. Customs and

Border Protection ("Customs") to challenge the alleged exclusion and detention of two

entries of subject merchandise comprising certain rubber tires. Compl. ¶ 6, ECF No. 5.

Customs' original basis for the detention was that the subject merchandise was

potentially inadmissible due to potential violations of U.S. Department of Transportation

regulations. Inspired Ventures LLC v. United States, 739 F. Supp. 3d 1343, 1347–48

(CIT 2024). The government filed a motion to dismiss for lack of subject matter

jurisdiction under 19 U.S.C. § 1581(a) because no protestable decision was made by

Customs, which the court denied on October 30, 2024. Id. at 1348, 1357.

The court subsequently granted multiple requests for additional joint status

reports due to the parties' continued efforts to resolve the action without further

litigation. ECF Nos. 18–23. On March 20, 2025, the parties submitted a joint status

report indicating that they disagreed as to how the matter should proceed and

requested a conference call with the court. ECF No. 24. Following the conference call,

the court ordered the parties to submit a joint status report addressing: (1) the remaining

issues; (2) whether the parties will move for referral to court-annexed mediation; and (3)

what motions the parties intend to submit if they do not move for court-annexed

mediation. ECF No. 29. In the parties' most recent joint status report, the parties agreed

that the original detention of the subject merchandise was incorrect and that the subject

merchandise is admissible. ECF No. 30 at 4–5. The remaining issue in the matter is

"how the merchandise may be released." Id. at 5. The government asserts that Plaintiff

must first pay increased duties, taxes, and fees because Customs determined that the

declared value of the tires constitutes an undervaluation of the merchandise. Id. at 5–6.

Plaintiff asserts that the appropriate relief is the subject merchandise's release because

the government has conceded that the original detention and exclusion was invalid. Id.

1–2. Plaintiff now moves for referral to court-annexed mediation, which the government

opposes. Pl.'s Mot.; Def.'s Resp.

## DISCUSSION

Pursuant to CIT Rule 16.1 and the Guidelines for Court-Annexed Mediation

("Guidelines"), the court has broad discretion to refer a case to mediation "[a]t any time

during the pendency of an action," and may refer a case upon consent of the parties, an

opposed motion, or sua sponte. CIT Rule 16.1; Guidelines at 1; United States v.

Tenacious Holdings, Inc., 6 F. Supp. 3d 1374, 1377 (CIT 2014). It is within the court's

discretion to refer a case to mediation, and this decision will only be overturned if it is an

abuse of discretion and clear error of judgment. Pieczenik v. Bayer Corp., 474 F. App'x.

766, 773 (Fed. Cir. 2012); see also Piece v. Underwood, 487 U.S. 552, 559 n.1 (1988)

(citation omitted) ("It is especially common for issues involving what can broadly be

labeled 'supervision of litigation' … to be given abuse-of-discretion review."); Adkins v.

United States, 816 F.2d 1580, 1582 (Fed. Cir. 1987) (citation omitted) ("The decision

below will not be disturbed unless upon a weighing of relevant factors we are left with 'a

"definite and firm conviction" that the court below committed a clear error of

judgment.'").[1]

---

[1] In support of its opposition, the government quotes Sigma-Tau Healthscience, Inc. v. United States, 28 F. Supp. 3d 1315, 1316 (CIT 2014), for the proposition that "court annexed mediation, particularly if contested, is not a tool that is frequently employed in this court." Def.'s Resp. at 1. At the time that Sigma-Tau was decided, there was only one published CIT case which discussed how the court should decide a contested

The court's authority to order mediation pursuant to CIT Rule 16 is to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." CIT Rule 1. While no binding authority guides the court's ruling on a contested motion for referral to court-annexed mediation, the court has previously held that "a benefits versus risks analysis" should be conducted. Sigma-Tau Healthscience, Inc. v. United States, 28 F. Supp. 3d 1315, 1316 (CIT 2014).

Here, the government asserts that "[l]ike in Sigma-Tau, the dispute between [the parties] is legal in nature, and is therefore, not amenable to mediation" and that

---

motion for court-annexed mediation. Tenacious, 6 F. Supp. 3d at 1377 ("The parties have not provided authority regarding the manner in which the [c]ourt should decide a contested motion for referral to mediation. The basis for determining such a motion is not mentioned in … previously-published CIT cases or decisions on appeals therefrom."). The court's opinion in Sigma-Tau relied exclusively on Tenacious, which was decided two months prior. See Sigma-Tau, 28 F. Supp. 3d 1315; Tenacious, 6 F. Supp. 3d 1374. Notably, the court ordered the parties to court-annexed mediation in Tenacious. 6 F. Supp. 3d at 1374.

As such, the court does not construe the language in Sigma-Tau, that "court annexed mediation, particularly if contested, is not a tool that is frequently employed in this court," to mean that the court is to err on the side of litigation when a motion for referral to court-annexed mediation is contested. 28 F. Supp. 3d at 1316. Instead, the court construes this language to reflect the infrequency of such motions and the lack of mandatory case law guiding the court's ruling. To hold otherwise would usurp the court of its power and discretion in ruling on the appropriateness of mediation, despite opposition. See Tenacious, 6 F. Supp. 3d at 1377 ("[T]he [c]ourt's power to order mediation is grounded in [CIT] Rule 16.1 and the Guidelines, which do not establish any express limitations on that authority. The matter is left to the [c]ourt's discretion, limited by the bounds of its inherent powers.").

Court No. 24-00062                                                                    Page 5

"[Plaintiff] should not be permitted to use court-annexed mediation as a means to

bypass the entry requirements of the merchandise." Def.'s Resp. at 2–3.

The court has held that one circumstance to be considered in its benefits versus

risks analysis is the likelihood of precedential impact that a decision on the merits would

have. Tenacious, 6 F. Supp. 3d at 1378; Sigma-Tau, 28 F. Supp. 3d at 1316.

In Sigma-Tau, the court held:

> Another equally decisive factor present in Tenacious is that the
> classification provision at issue expired in 2009, and any litigated decision
> in that case would have no precedential impact. In contrast, the instant case
> involves an unknown amount in controversy and a classification with
> precedential value, because the subject merchandise is "routinely imported
> and tariff provisions [are] still very much in effect." Consequently, the [c]ourt
> agrees with Defendant that the "issues before the [c]ourt are purely legal in
> nature" and thus "a decision on the merits in this case is necessary to
> resolve the dispute over classification of Sigma-Tau's present and future
> importations" of subject merchandise.

28 F. Supp. 3d at 1316 (first alteration in original) (emphases added) (citations omitted).

Therefore, the court's consideration is not limited to whether the dispute

concerns a legal issue, but is instead whether a decision on the merits is necessary

because of a high likelihood that the legal issue will continue to come before the court,

rendering the impact of the court's holding precedential. Id. at 1316.

At present, the issue before the court is "how the merchandise may be released

to Plaintiff." ECF No. 30 at 2, 5. Both parties agree that the government's original basis

for detaining Plaintiff's subject merchandise was incorrect, and that it is now undisputed

that the merchandise is admissible. Id. at 1, 4–5. It was not until after the court denied

the motion to dismiss and after the subject merchandise was found to be admissible

that the government determined that additional duties, taxes, and fees are owed. Id. at 4–6. The issue here is a direct result of the facts and law of this case, unlike that found in Sigma-Tau, which was "a straightforward classification case" and "a designated test case, which emphasize[d] the interest in the legal resolution of [the] action for future application." 28 F. Supp. 3d at 1316–17. Unlike a tariff classification issue with continually imported subject merchandise, the court agrees with Plaintiff that "this is a technical question particular to this case … that is unlikely to have wider implications." Pl.'s Mot. at 2–3.

Another circumstance the court considers in its benefits versus risks analysis is procedural fairness. Tenacious, 6 F. Supp. 3d at 1378. The court has held that ordering parties to court-annexed mediation is procedurally fair if the issue can be addressed in the event that the mediation is unsuccessful. Id. While the government asserts that Plaintiff "should not be permitted to use court-annexed mediation as a means to bypass the entry requirements of the merchandise it is seeking to have [Customs] release," this issue can be addressed by the parties and the court in subsequent motions should mediation be unsuccessful. Def.'s Resp. at 3. Procedural fairness, therefore, does not weigh against ordering court-annexed mediation.

Finally, the court considers time and resources in its benefits versus risks analysis. Both parties have indicated that they will file separate motions to resolve the case if it is not referred to mediation. ECF No. 30 at 9–10. In its motion, Plaintiff asserts that "[t]hrough court-annexed mediation, utilizing a structured conversation to understand the needs and interests of the parties, both parties' views and perceptions

could be transformed so that they are willing to reach a compromise and conclude the litigation," and that "[a]s mediation is a confidential process, it will allow for candor and honesty to prevail." Pl.'s Mot. at 3. While the government disagrees that mediation may be successful, "the [c]ourt is mindful that 'the results of mandatory mediation resemble those achieved in voluntary mediation in terms of settlement rates and party satisfaction.'" Tenacious, 6 F. Supp. 3d at 1378 (citation omitted). In considering the time and resources that will be expended for the motions and cross motions, both of the court and of the parties, the benefit of mediation outweighs the risk of a delay in the case's litigation. This is further exemplified by both parties' requests for extensions of time and requests for additional joint status reports due to their jointly "continue[d] [ ] efforts to resolve this action without further litigation." ECF Nos. 18, 20, 22. The parties' previous demonstrated interest in resolving the case without litigation provides the continued opportunity for a structured, neutral, confidential mediator to assist in resolution.

Because the benefits of resolving the remaining issues through a neutral, confidential mediation process outweigh the risks of a lack of precedential impact and a delay in litigation, the court finds mediation to be appropriate. Just as the court held in Tenacious, "if the government approaches the process with good faith, as the [c]ourt expects it to do, it may be surprised to find that the case is more amenable to disposition than the government fears." 6 F. Supp. 3d at 1378.

**CONCLUSION**

Court No. 24-00062                                                                    Page 8

For the foregoing reasons, Plaintiff's motion for referral to court-annexed mediation is **GRANTED**.

It is hereby:

**ORDERED** that pursuant to Rule 16.1, this case is referred to mediation. Judge Kelly has agreed to serve as the Judge Mediator and will facilitate all sessions of mediation. This referral to mediation shall expire on Friday, July 18, 2025, unless Judge Kelly recommends an extension. The case shall be stayed until 14 days following the expiration of this referral or until the mediation process is concluded, whichever first occurs; and it is further

**ORDERED** that unless a settlement is reached within the mediation period and a stipulation of dismissal or stipulated judgment is filed, which disposes of the case with respect to all parties and all claims, the stay shall be lifted, and the case shall be returned to the active calendar, where the parties shall file a proposed scheduling order within 21 days of the end of the mediation proceedings.

/s/      Lisa W. Wang
Lisa W. Wang, Judge

Dated: May 19, 2025
        New York, New York