**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: THE HONORABLE LISA W. WANG, JUDGE

| | | |
|---|---|---|
| INSPIRED VENTURES, LLC. | x : | |
| Plaintiff, | : : | Court No. 24-00062 |
| v. | : : | |
| UNITED STATES, | : : | |
| Defendant. | : x | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

### I.    INTRODUCTION

This case concerns straightforward issues of whether (1) the importer satisfied the requirements to enter merchandise under 19 CFR 142 and (2) the marking of Inspired Ventures' tires comply with the National Highway Transportation Safety Administration's requirements and are admissible. The answer to both is "yes." The declarations submitted in support of this motion, as well as the Government's representations to the Court, demonstrate that Inspired has satisfied the applicable requirements to enter its tires and the Government's continued refusal to release the goods is without justification.

CBP had a legal obligation to give Inspired and/or its broker the Notices of Detention prepared for these tires. Instead, Import Specialist Nancy Cain instructed Inspired to file its entries <u>and</u> deposit the applicable anti-dumping duties, while

3

intending all along to refuse admission and attempt to seize the tires. By giving Inspired's broker these instructions, CBP was representing that the tires would be admitted. Nancy Cain and others deliberately misled the broker and Inspired. If CBP followed the legal requirements set out in 19 USC §1499 at the time of entry and notified Inspired about the DOT marking issue, then this case would have been resolved in January 2024.

## II.   QUESTION PRESENTED

Whether CBP's refusal to release Inspired's tires for entry is lawful?

## III.   STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The statutory presumption of correctness afforded to a CBP decision in 28 U.S.C. § 2639(a)(1) is irrelevant at the summary judgment stage. Pomeroy Collection, Ltd. v. United States, 37 C.I.T. 130, 139 (2013). Even if the presumption was relevant, CBP's decision is not entitled to a presumption of correctness here because CBP, through its counsel, admits CBP erred when it refused the admission of Plaintiff's tires based on their marking. See, Undisputed Facts No 10, Docket Nos. 24 and 30, Joint Status Report.

Because the Defendant now admits CBP's decision to exclude the tires from entry was wrong, Inspired has met the entry requirements set out in 19 CFR 142,

and the entries are finally liquidated, there is no legal basis for CBP to refuse release of the goods. See, Statement of Undisputed Facts No.13. Declaration of Gregg Cummings, Exhibit 4.[1] Based on the singular fact that both entries are liquidated, all issues concerning classification, value and admissibility are final and resolved in Inspired's favor. See, United States v. Utex, infra.

## IV.  ARGUMENT

Pursuant to 19 CFR 142, an importer must provide Customs with specific information to obtain release of imported merchandise. Typically, an importer through its customs broker, prepares and files a Customs Form 3461 and Customs Form 7501 to comply with the Part 142 requirements. On request, if the right to make entry is in doubt, Customs can request the importer produce a commercial invoice, packing list and proof of payment for the goods. In the instant case, Inspired complied with such requests. See, Beckett Declaration ¶ . When entry documents were submitted to CBP, CBP notified TBI, Inspired's customs broker, that the tires were designated for examination.

After examination, Customs determined that there was a DOT marking issue and prepared detention notices for both entries. Customs did not, however, send these notices to either Inspired or TBI. Even if Customs sent the notices, the Notices

---

[1] Record of the liquidation of entry AVV-0053438-1 was erroneously omitted from Mr. Cummings' Declaration. See, Undisputed Fact No. 16. This entry liquidated on June 6, 2025.

themselves said nothing about the underlying question regarding the DOT marking. Customs failed to comply with 19 U.S.C. §1499(c)(2) which expressly requires that the notice to the importer state the specific reason for the detention and the nature of any information which, if supplied to … Customs, may accelerate the disposition of the detention. Here, however, Customs failed to provide <u>any</u> notice to Inspired or its broker, let alone one that complied with statutory requirements. See, Statement of Undisputed Facts, No.15, Declarations of Gregg Cummings ¶3 and Declaration of Steven Beckett ¶ 7.

In mid December 2023, CST Nancy Cain referred the matter to the National Highway and Transportation Administration (NHTSA) for advice about the marking. Based on the declarations submitted by CST Cain, she never intended to release the tires. See, Docket No. 10-1. Yet, in late December 2023 and early January, 2024, CST Cain instructed TBI to update and refile the entries. <u>See</u>, Statement of Undisputed Facts, No.2 Cummings Declaration Exhibit 1. On January 8, TBI complied. CBP accepted the entries, demonstrating that Inspired complied with 19 CFR 142. <u>See</u> Cummings Declaration. Still, CBP refused to release the tires.

All along, Customs never intended to release the tires based on its erroneous claims of incomplete DOT marking on the tires. After litigation commenced, the Government conceded the tires are legally marked. Apparently, to save face, the Government then pivoted to a new excuse to not release the tires: Undervaluation.

6

Government Counsel represented to this Court that CBP would issue a CF29 to increase the dutiable value of the tires and require Inspired to deposit additional ADD/CVD and regular duties based on an artificial value three times more than the price Inspired paid for the tires. See, Statement of Undisputed Facts No 12. Docket No. 24 Joint Status Report at page 3 and Docket No. 30 Joint Status Report at page 5. Because it had no justifiable basis for this assertion of undervaluation, CBP never issued a CF 29 to increase the value and, instead, liquidated the entries "as entered" i.e. no change. See Cummings Declaration. Hence, Counsel's representation to the Court was, at best, misleading.

In U.S. v. Utex Intern. Inc., 857 F.2d 1408 (1988), the CAFC clarified the issue of the finality of liquidation for cases concerning admissibility. The Court stated that

> [I]t is long-standing customs law that when goods are finally liquidated they are deemed admissible, as summarized in R. Sturm, Customs Law & Administration § 8.3 Finality of Liquidation at 32, (3d ed. 1982)…All findings involved in a district director's decision merge in the liquidation. It is the liquidation which is final and subject to protest, not the preliminary findings or decisions of customs officers. Citations omitted. Id. at 1409-1410.

In sum, there remains no valid reason for Customs to withhold release of the tires from delivery to the importer because there are no DOT marking issues and the entries are liquidated and final.

## V. CONCLUSION

At every turn, the Government has refused to explain its position and sought to bully Plaintiff, a small company, into submission. It is axiomatic that the decision to exclude Plaintiff's tires rests with Customs, not NHTSA. Here, as the Government belatedly admits, the DOT marking on Inspired's tires is accurate. In other words, the tires are admissible and must be released by the Government. Previously, this Court held in Slip Op. 24-121 that it retains jurisdiction over the admissibility and exclusion issue. In light of the Government's concession that the tires are admissible, the claimed basis for seizure is clearly erroneous. Therefore, Plaintiff, Inspired Ventures, request that this Court enter an order granting Summary Judgment in favor of Plaintiff, LLC and against, Defendant, United States, order the tires be released immediately and all storage and related expenses are either waived or borne by Defendant.

Dated: January 20 2026, Los Angeles, California.

                              Respectfully submitted,
                              STEIN SHOSTAK SHOSTAK POLLACK & O'HARA
                              Attorneys for Plaintiff
                              445 S. Figueroa Street, Suite 2388
                              Los Angeles, California 90071
                              Tel: (213) 630-8888/E-mail: elon@steinshostak.com

                              By:   //Elon A. Pollack//
                                       Elon A. Pollack