UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE LISA W. WANG, JUDGE

|  |  |  |
|---|---|---|
| INSPIRED VENTURES LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Court No. 24-00062 |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **PROPOSED JUDGMENT**

Upon reading plaintiff's motion for summary judgment and defendant's response thereto, it is hereby

**ORDERED** that Plaintiff is to remit payment to CBP in the amount of $13,287.80 (hereinafter Payment 1); and it is

**ORDERED** that within 10 days of U.S. Customs and Border Protection's (CBP) receipt of Payment 1, CBP will issue a disposition order to release the subject tires in Entry Nos. AVV-0053438-1 and AVV-0053445-6, and that all storage fees accrued with respect to the subject entries will be waived at this time; and it is

**ORDERED** that within 10 days of issuance of the disposition order to release the subject tires, Plaintiff is to remit payment to CBP in the amount of $11,095.76; and it is further

**ORDERED** that this case is dismissed.

                                                                                                        Judge

Dated: _____
New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE LISA W. WANG, JUDGE

| | |
|---|---|
| INSPIRED VENTURES LLC, | : |
| Plaintiff, | : |
| v. | : |
| | : Court No. 24-00062 |
| UNITED STATES, | : |
| Defendant. | : |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant, United States (the Government), respectfully submits this response to Plaintiff, Inspired Ventures, LLC's (Plaintiff or IV), motion for summary judgment (ECF No. 48).

This action covers two entries of rubber tires from the People's Republic of China (hereinafter subject tires), Entry Nos. AVV-0053438-1 and AVV-0053445-6, that Plaintiff attempted to import through the Port of Los Angeles, California on November 25, 2023. Since that date, and for various reasons that have heretofore been the subject of this action, the tires have yet to be released to Plaintiff by U.S. Customs and Border Protection (CBP).

In preparing the Government's anticipated cross-motion to dismiss and response to Plaintiff's summary judgment motion, CBP learned for the first time that the aforementioned entries were inadvertently liquidated in June 2025. Consequently, the issue of the declared valuation is now final and conclusive, 19 U.S.C. § 1514(a), and the question of whether the declared values of the subject tires are consistent with applicable law is now moot. For this reason, the Government no longer contests Plaintiff's declared values.

Given the above developments, the Government is amenable to expeditiously resolving this case in a manner consistent with the relief that Plaintiff seeks in its motion for summary judgment, to wit, release of the subject tires and a waiver of all storage fees for the entries at issue. The Government proposes the following steps to resolve this action:

A. Plaintiff remits payment to CBP in the amount of $13,287.80 (hereinafter Payment 1). This amount represents the antidumping and countervailing duty amounts owed, and to date, not paid on Entry No. AVV-0053445-6. CBP is barred by statute from releasing the subject tires before receiving this payment. *See* 19 U.S.C. § 1671h; 19 U.S.C. § 1673g.

B. Within 10 days of CBP's receipt of Payment 1, CBP will issue a disposition order to release the subject tires in Entry Nos. AVV-0053438-1 and AVV-0053445-6. At this time, CBP will also waive all storage fees accrued with respect to the subject entries.

C. Within 10 days of issuance of the disposition order to release the subject tires, Plaintiff is to remit payment to CBP in the amount of $11,095.76 (hereinafter Payment 2). This amount represents the regular duties, taxes, fees, and interest owed, and to date, not paid on Entry No. AVV-0053445-6.

Should the Court enter Defendant's proposed judgment, which includes the above proposed steps, once Payments 1 and 2 have been received, the storage fees waived, and the subject tires released to Plaintiff, no case or controversy will remain for this Court to adjudicate. As Plaintiff's claims will have been rendered moot, this action should be dismissed by the Court. *See generally 3V, Inc. v. United States*, 23 C.I.T. 1047, 1049 (1999) ("Pursuant to Article III, federal courts are only empowered to decide those claims which present live cases or

2

controversies….If a claim fails the Article III criteria, the Court must dismiss the claim as non-justiciable regardless of a statutory grant of jurisdiction") (citations omitted); *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016) (discussing that a case will become moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party") (citations omitted).

                        Respectfully submitted,

                        BRETT A. SHUMATE
                        Assistant Attorney General

                        PATRICIA M. McCARTHY
                        Director

By:   /s/ Justin R. Miller
       JUSTIN R. MILLER
       Attorney-In-Charge
       International Trade Field Office

       /s/ Alexander Vanderweide
       ALEXANDER VANDERWEIDE
       Senior Trial Counsel
       International Trade Field Office

Of Counsel:                        Department of Justice, Civil Division
                                       Commercial Litigation Branch
ZACHARY SIMMONS          26 Federal Plaza, Room 346
Office of the Assistant Chief Counsel   New York, New York 10278
International Trade Litigation          202-598-0287
U.S. Customs and Border Protection   Attorneys for Defendant

March 2, 2026

3