**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: THE HONORABLE LISA W. WANG, JUDGE

INSPIRED VENTURES, LLC.          x
                                 :
        Plaintiff,          :
                                 :     Court No. 24-00062
        v.                 :
                                 :
UNITED STATES,                   :
                                 :
        Defendant.         :
_____ x

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**FACT vs. FICTION**

**FACTS:**

1.     The Government admits Inspired's tires are legally marked and admissible.

2. The Government admits that the value declared to Customs is correct.

3. Defendant admits that he values declared to Customs on the CF 7501 are fixed and final. See Docket Entry No. 11. The Government submitted a copy of the CF7501 Entry Summary for this entry with the Court.

4. CBP released the tires imported on entry AVV-0053438-1 on February 22, 2024. Customs released the tires on entry AVV-0053445-6 on August 8, 2024.

Court No. 24-00062

**FICTION:**

1.      It is fiction that CBP can demand payment as a prerequisite for goods it has already released. The ACE report attached as Exhibit 4 to Gregg Cummings declaration states that the tires in entry AVV 0053445-6  were released 19 months ago. Hence, payment is not a prerequisite to secure release of the tires. The ACE report provides additional information which is consistent with court Docket Entry No. 11.

2.      The Government's assertion that Inspired must pay $24,383.56 is fiction because it does not correspond to the CF7501. Even if Inspired had to deposit funds, the amount stated on the entry document filed by the Government with the Court, contradicts the Government's representation to the Court.

## CONCLUSION

Plaintiff will assume that confronted with these inconsistencies and misrepresentations, the Government again will assert it is surprised and unaware of the contents its own documents it deposited in the Court's file. See i.e. Docket No. 11 and also Ex. 4 Declaration of Gregg Cummings. The Court should disregard any claimed, feigned surprise. The Government had these documents in its possession throughout these proceedings. Moreover, the Government is in sole control of the liquidation process. The two entries were liquidated in June 2025. Remarkably,  the Government suddenly claims it does not know the contents of its own documents.

2

Court No. 24-00062

Based on these facts and fictions, the Court should disregard the Government's claim that release of the tires is predicated on the deposit of any monies at this time. To counsel's knowledge, with respect to Entry AVV-0053445-6, CBP has not issued any bill to Inspired following liquidation (or even made any demand on Inspired's surety for duties.) For entry AVV-0053438-1, after it conceded the tires are legally marked and the entry liquidated as entered, the Government has no legal basis to continue to withhold delivery of the tires to Inspire. This entry was released by Customs on February 22, 2024, all duties were deposited prior to the release, and the entry is finally liquidated. Customs' failure to release these tires demonstrates a complete disregard of Inspired's right to its property and clearly delayed resolution of and prolonged this litigation.

Simply stated, the Court should reject the Government's claims and order that the Government release the tires immediately, and, at no expense to Inspired, deliver the tires to Inspired's warehouse, waive all storage costs and related expenses.

Dated: March 20, 2026,  Los Angeles, California

Respectfully submitted,

By:   //Elon A. Pollack//

Elon A. Pollack
STEIN SHOSTAK SHOSTAK POLLACK & O'HARA
Attorneys for Plaintiff
445 S. Figueroa Street, Suite 2388
Los Angeles, California 90071
Telephone: (213) 630-8888
e-mail: elon@steinshostak.com

3