UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE LISA W. WANG, JUDGE

|  |  |  |
|---|---|---|
| | : | |
| INSPIRED VENTURES LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Court No. 24-00062 |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **JUDGMENT**

Upon consideration of plaintiff's motion for summary judgment, defendant's response thereto, and the parties' respective replies, it is hereby

**ORDERED** that Plaintiff is to remit payment to U.S. Customs and Border Protection (CBP) in the amount of $13,287.80 (hereinafter Payment 1); and it is

**ORDERED** that within 10 days of CBP's receipt of Payment 1, CBP will issue a disposition order to release the subject tires in Entry Nos. AVV-0053438-1 and AVV-0053445-6, and that all storage fees accrued with respect to the subject entries will be waived at this time; and it is

**ORDERED** that within 10 days of issuance of the disposition order to release the subject tires, Plaintiff is to remit payment to CBP in the amount of $11,510.05; and it is further

**ORDERED** that this case is dismissed.

_____
Judge

Dated: _____
New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE LISA W. WANG, JUDGE

| | | |
|---|---|---|
| INSPIRED VENTURES LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Court No. 24-00062 |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **DEFENDANT'S REPLY**

Defendant, United States (the Government), respectfully submits this reply to Plaintiff,

Inspired Ventures, LLC's (Plaintiff or Inspired), reply (ECF No. 52).[1]  We reply directly to the

so-called statements of "Facts" and "Fiction", set forth by plaintiff in its reply brief, below:

Plaintiff's Purported Statements of Facts

1. "The Government admits Inspired's tires are legally marked and admissible."

**Reply:** The Government admits that the tires are legally marked.  However, whether the tires

in the entries subject to this case can be released into U.S. commerce is contingent on Inspired's

willingness to pay the duties, taxes, and fees owed on the merchandise, as provided by law.  At

present, Inspired has not paid any duties for Entry No. AVV-0053445-6, including anti-dumping

and countervailing duties (AD/CVD), which as a matter of law precludes the release of the tires

until such payment is received.  *See* 19 U.S.C. § 1671h; 19 U.S.C. § 1673g.  As reflected in the

Government's proposed judgment order, Inspired is responsible for paying the amount of

AD/CVD owed on Entry No. AVV-0053445-6, $13,287.80, prior to the release of the

---

[1] This reply is being filed in accordance with the Court's entered briefing schedule.  ECF No. 47.

merchandise.

2.  "The Government admits that the value declared to Customs is correct."

**Reply:** Although U.S. Customs and Border Protection (CBP) does not believe that the values declared by Inspired for the subject entries are correct, because the entries inadvertently liquidated in June 2025, the declared valuations are now final and conclusive, 19 U.S.C. § 1514(a), and the question of whether the declared values of the subject tires are consistent with applicable law is now moot.

3.  "Defendant admits that he [sic] values declared to Customs on the CF 7501 are fixed and final. See Docket Entry No. 11. The Government submitted a copy of the CF7501 Entry Summary for this entry with the Court."

**Reply:** Admits for the reasons stated in response to "Fact" No. 2.

4.  "CBP released the tires imported on entry AVV-0053438-1 on February 22, 2024. Customs released the tires on entry AVV-0053445-6 on August 8, 2024."

**Reply:** This is not true, as evidenced by the fact that the parties are still arguing over the release of the merchandise.  Indeed, if the tires had been released in 2024, this litigation would have never occurred.

Although Inspired cites no document in support of this purported fact, it appears that it may be referring to Exhibits 2 and 3 (described as "ACE transmissions") to the Declaration of Gregg A. Cummings, ECF No. 48-3.  However, these documents do not demonstrate that the merchandise was ever released into U.S. commerce.  For example, with respect to Entry No. AVV-0053438-1, on February 22, 2024, there are notes stating "CBP HOLD REMOVED" and "RELEASED – INTENSIVE EXAMINATION."  *Id*., Ex. 2.  These notes do not mean that the merchandise was released into U.S. commerce; rather, they reflect that on February 22, 2024,

CBP completed its examination of the tires, the tires were then "released" from the examination area, whereupon CBP seized the merchandise and placed the tires in a third-party warehouse.

Plaintiff's Purported Statements of Fiction

1. "It is fiction that CBP can demand payment as a prerequisite for goods it has already released. The ACE report attached as Exhibit 4 to Gregg Cummings declaration states that the tires in entry AVV 0053445-6 were released 19 months ago. Hence, payment is not a prerequisite to secure release of the tires. The ACE report provides additional information which is consistent with court Docket Entry No. 11."

**Reply:** As explained in response to "Fact" No. 4, the tires have not been released.  And as explained in response to "Fact" No. 1, CBP cannot release the tires in Entry No. AVV-0053445-6 because Inspired has not paid the outstanding duties owed for this entry, including AD/CVD, which prevents the release of the tires until such payment is received.  *See* 19 U.S.C. § 1671h; 19 U.S.C. § 1673g.  Inspired cites no legal authority supporting its position regarding the nonpayment of outstanding duties as it relates to the release of the merchandise.

2. "The Government's assertion that Inspired must pay $24,383.56 is fiction because it does not correspond to the CF7501. Even if Inspired had to deposit funds, the amount stated on the entry document filed by the Government with the Court, contradicts the Government's representation to the Court."

**Reply:** The amount of duties, taxes, and fees owed by Inspired for Entry No. AVV-0053445-6 is broken down as follows:

Normal Duties: $8,565.15

AD: $835.84

CVD: $12,451.96

3

Harbor Maintenance Fees (HMF): $36.92

Merchandise Processing Fees (MPF): $102.31

Pre-Liquidation Interest: $1,428.96

Delinquency Interest: $1,376.71 (through the date of this filing)

As reflected in the proposed judgment order, Inspired would first pay the amount of the outstanding AD/CVD owed on the entry, $13,287.80. Following the release of the merchandise, Inspired would then pay the amount of the outstanding principal balance, which consists of normal duties ($8,565.15), HMF ($36.92), MPF ($102.31), pre-liquidation interest ($1,428.96), as well as the amount of the delinquency interest on the unpaid bill, which continues to accrue (and which is currently $1,376.71), for a total of $11,510.05. Inspired received a bill for these amounts after the entry liquidated in June 2025 but has yet to remit payment. *See* Exhibit 1 (Bill Issued to Inspired for Entry No. AVV-0053445-6, current as of April 2026, redacted in part to restrict the disclosure of Business Proprietary and Law Enforcement Sensitive Information).

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:    /s/ Justin R. Miller
       JUSTIN R. MILLER
       Attorney-In-Charge
       International Trade Field Office

       /s/ Alexander Vanderweide
       ALEXANDER VANDERWEIDE
       Senior Trial Counsel
       International Trade Field Office
       Department of Justice, Civil Division
       Commercial Litigation Branch
       26 Federal Plaza, Room 346

4

New York, New York 10278
202-598-0287
Attorneys for Defendant

May 1, 2026

## CERTIFICATE OF COMPLIANCE

I, Alexander Vanderweide, an attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is principally responsible for the Government's reply, dated May 1, 2026, relying upon the word count feature of the word processing program used to prepare the response, certify that the reply complies with the word count limitation under the Court's chambers procedures, and contains 1119 words.

/s/ Alexander Vanderweide